STATE OF CONNECTICUT *v.* JOHN BREZINA

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 14, 1969

*Herbert J. Bundock,* public defender, for the defendant.

*Donald A. Browne,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant was found guilty by a jury of attempting to break and enter an athletic club building in violation of General Statutes § 53-77, which provides a maximum penalty of two years' imprisonment. On February 27, 1968, he was sentenced to an indefinite term in the state reformatory at Cheshire.

Although the defendant professes his innocence, the evidence warranted the jury in finding that the defendant and a fifteen-year-old boy attempted to break into the building involved, the defendant acting as a lookout while his companion used a screwdriver to force open a door. The codefendant was turned over to the juvenile authorities.

The defendant, who was eighteen at the time of the offense, had been convicted for breaking and entering or attempted breaking and entering on six

previous occasions, three of these as a juvenile and three as an adult. Suspended sentences with probation were imposed for the first five offenses and a nine-month jail sentence was imposed for the sixth offense of attempted breaking and entering. The defendant had been released from jail about seven months before his present offense.

Psychiatric reports and investigation of school, employment, and family background indicated a need for confinement in a disciplined institutional environment.

It is apparent that all the factors involved in sentencing dictated confinement in the reformatory for this defendant. The statutory maximum for the offense of attempted breaking and entering is only two years, however. General Statutes § 53-77. The indefinite sentence imposed on the defendant would authorize his detention for a period as long as five years. General Statutes §§ 18-73, 18-74. These statutes may be construed as authorizing confinement beyond the statutory maximum terms established for the offenses involved for boys between the ages of sixteen and twenty-one years committed to the reformatory. In this proceeding we need not determine this question or possible constitutional problems which might follow relating to the reasonableness of differences in maximum penalties based upon such an age classification.

In the interest of achieving reasonable uniformity of sentencing, it is our view that, in the absence of highly extraordinary circumstances not present in this case, a person committed to the reformatory ought not to be held in confinement longer than the statutory maximum term for the particular offense involved.

The sentence under review should be modified to an indefinite sentence in the state reformatory at

Cheshire not to exceed two years. Accordingly, it is ordered that the Superior Court resentence the defendant for an indefinite term in the state reformatory at Cheshire not to exceed two years.

BARBER, WALL and SHEA, Js., participated in this decision.