### STATE OF CONNECTICUT *v.* MITCHELL PITT

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 26, 1969

*Richard T. Meehan,* public defender, for the defendant.

*Paul M. Foti,* assistant prosecutor, for the state.

BY THE DIVISION. The defendant pleaded guilty to a charge of using a motor vehicle without the owner's permission in violation of General Statutes § 14-229, which provides for a maximum term of one year in jail for the first violation. He was sentenced to an indefinite term at the state reformatory, which would authorize his detention for a maximum of two years.

Although the records of the court and the motor vehicle department indicate that the defendant was seventeen years old at the time of sentencing, he stated at the hearing on this application that he was twenty years old.

On August 27, 1968, at about 10 p.m., a police officer observed a car operating at a high rate of speed and gave chase. The car struck three vehicles on Winchester Street, New Haven. Apparently the defendant was not the operator of the car, but he was one of the occupants, the other two being juveniles of eleven and fourteen years. The defendant claimed that he had accepted a ride home from the two juveniles, who had taken the car previously. It was not claimed that the defendant did not realize the car was being used without the owner's permission.

The defendant's criminal record showed three prior convictions for using a motor vehicle without the owner's permission during the five-month period preceding his first confinement in the reformatory, on September 21, 1967, for this offense. He was paroled on June 28, 1968, about two months before his arrest in the instant case.

The defendant's juvenile record included referrals for theft of money from a bakery, a bicycle, bicycle parts taken from bicycles parked at Yale University, fighting, striking a teacher, and several purse snatchings from women. He was given a suspended sentence to the Meriden school for boys on February 7, 1966, as a result of the latter escapades.

The defendant's father and mother are divorced or separated, and the defendant has been raised by his mother with four sisters. He has a poor school record both scholastically and in deportment. Psychiatric examinations made because of earlier difficulties indicate some personality disorder.

The defendant was regarded as a poor prospect for probation by the probation officer. It is interesting to note the criticism in this officer's report of the decision to retain jurisdiction in the Circuit Court rather than bind the case over to the Superior Court, in view of the number of previous violations of the same statute, which would subject the defendant to the charge of being a repetitive offender with a maximum term of fifteen years. General Statutes § 14-229.

Although we have remarked that "in the absence of highly extraordinary circumstances . . . a person committed to the reformatory ought not to be held in confinement longer than the statutory maximum term for the particular offense involved"; *State* v. *Brezina,* 28 Conn. Sup. 132, 133; we believe such circumstances are present in this case. The past criminal record of this offender warranted charging him as a multiple offender as contemplated by the statute, which would authorize a maximum term of fifteen years' imprisonment for this fourth violation of General Statutes § 14-229. There are no favorable factors in the defendant's background which would have justified the lesser charge. In fact, if his present claim about his age is accurate, the defendant should have been dealt with as an adult rather than as a juvenile when he was involved in the purse snatching incidents in the Juvenile Court. He also was on parole at the time of this offense.

It is clear that the statutes authorize detention in the reformatory for a maximum of two years where the maximum punishment for the offense involved is a jail sentence of one year. General Statutes §§ 18-74, 18-75. Although the issue was not raised by the defendant, it is our view that the equal protection clause of the fourteenth amendment to the United States constitution is not vio-

lated by these statutes pertaining to reformatory sentences for boys "between the ages of sixteen and twenty-one years . . . amenable to reformatory methods." General Statutes § 18-73. The youth of an offender is a highly important consideration in the evaluation of rehabilitation prospects and methods. The statutory classification is consistent with contemporary penological concepts and cannot be said to be arbitrary or unreasonable.

In a case involving the same question, the federal Youth Corrections Act, which permits indeterminate sentences not exceeding four years for misdemeanors carrying a one-year penalty; 64 Stat. 1087, 18 U.S.C. § 5010 (b); has been upheld as constitutionally valid. *Carter* v. *United States,* 306 F.2d 283. The matter has been declared "legally frivolous," so repeatedly and uniformly has it been ruled upon. *Kotz* v. *United States,* 353 F.2d 312, 314.

The sentence is affirmed.

BARBER, WALL and SHEA, Js., participated in this decision.