STATE OF CONNECTICUT *v.* ANONYMOUS (1973–1)*

REVIEW DIVISION OF THE SUPERIOR COURT

BY THE DIVISION. This seventeen-year-old petitioner was before the court on three counts. He received consideration under the Youth Offenders Act. General Statutes §§ 54-76b—54-76n (Public Acts 1971, No. 72 §§ 1 to 13). A commitment to Cheshire reformatory followed, under the youthful offender provision, on the three counts, to run concurrently.

In passing sentence, the court indicated that "the best thing we can do for this boy is to give him some corrective care and treatment." There was some history of drug involvement.

---

* Thus entitled, in view of General Statutes § 54-76o (Public Acts 1972, No. 20 § 1).

The implementation of the Youthful Offenders Act has caused difficulties to the Circuit Court, the adult probation department, and this board. It has caused difficulty to this board because the brief summaries furnished do not give the board the usual background information adult cases provide. Sentencing remarks by the trial judge are helpful to a proper consideration of the reasons behind the sentence. We have quoted the apparent basis for the sentence in this case.

It is clear that the legislature intended to provide a new procedure for minors between the ages of sixteen and eighteen who were not charged with a class A felony or who had not previously been convicted of a felony. A prior provision (General Statutes § 54-1a) permitted a transfer of sixteen to eighteen year olds to the jurisdiction of the Juvenile Court if they were first offenders. When § 54-1a was amended in the 1971 session of the legislature, it extended the jurisdiction of the Circuit Court to crimes which are punishable by fines of $5000 or imprisonment for not more than five years or both. Public Acts 1971, No. 870 § 1.

Section 18-73 was amended by the 1971 session of the legislature. Public Acts 1971, No. 65 (amended, Public Acts 1972, No. 127 § 34). Its provisions, however, remain limited to the Superior Court. Section 18-75 was not amended at that time. It limits commitments by the Circuit Court to the reformatory for an indefinite term and prescribes that such detention may not be for more than two years. The last amendment to § 18-75 was in 1967. Public Acts 1967, No. 266 § 1. The Youthful Offenders Act (§ 54–76j [1971]) limits confinements on order of any court to a period of three years. The conflict which results was overlooked, no doubt, by the 1971 legislative session.

An indefinite sentence, without expression of a maximum term, to Cheshire by a Superior Court judge under § 18-73 would be interpreted by the department of correction to mean a maximum term of five years. If a like sentence is imposed by a Circuit Court judge, it could be interpreted to limit confinement to a maximum term of two years under § 18-75. The Youthful Offenders Act (§ 54-76j [1971]) limits confinement by order of any judge to three years.

We call attention to the provisions of § 54-120. It provides an avenue of escape from the conflicting several provisions for penalties. As long as the discretion for housing and transferring inmates is in the commissioner of correction, it seems appropriate to follow the legislative edict. It is not intended by this to say that in a proper case a sentencing judge should not by way of recommendation indicate his choice of place of confinement. See also § 53a-37. It provides that the court "shall state in conclusion the effective sentence imposed." There should be no doubt as to the effective sentence intended by the sentencing judge.

After reviewing all of the above sections which treat with sentencing, it seems in order to say that the sentence imposed in this case should be modified by use of the following language: "You are hereby committed to the custody of the commissioner of correction for an indefinite term not to exceed three years on each count, all of said sentences to be served concurrently."

Attention is called without further comment to three cases: *Liberti* v. *York,* 28 Conn. Sup. 9; *State* v. *Brezina,* 28 Conn. Sup. 132; *State* v. *Pitt,* 28 Conn. Sup. 137.

SIDOR, O'SULLIVAN and NARUK, Js., participated in this decision.