594 P.2d 506

**In the Matter of the Appeal in MARICO-PA COUNTY, JUVENILE ACTION NO. J-81405-S.**

**No. 13624-PR.**

Supreme Court of Arizona,
In Banc.

March 29, 1979.

Rehearing Denied May 8, 1979.

Gary Peter Klahr, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Alan W. Johnson, Deputy County Atty., Phoenix, for appellee.

HOLOHAN, Justice.

The presiding judge of the juvenile division of the Maricopa County Superior Court

found the juvenile in this cause to have violated the terms of his probation. The court continued the juvenile on probation. An appeal was then taken from the judgment of the court. The Court of Appeals set aside the judgment of the juvenile court. *Matter of the Appeal in Maricopa County Juvenile Action*, 122 Ariz. 279, 594 P.2d 533 (App.1978). We granted the petition of the state for review. The opinion of the Court of Appeals is vacated. The judgment of the juvenile division of the superior court is affirmed.

The facts surrounding this case arose out of an incident in which the subject juvenile was taken into custody after disturbing the peace and releasing a large German Shepherd to attack the police.

A formal complaint was filed with the juvenile court describing the conduct of the juvenile. For reasons unexplained in the record, the juvenile probation officer to whom the case was referred decided to hold the complaint for possible adjustment. *See* 17A A.R.S. Juv.Ct.Rules of Proc., rules 1 & 2.

Subsequently the county attorney's office received a report from the police describing the incident, and a deputy county attorney filed a formal petition in juvenile court alleging that the juvenile, who was on probation at the time, had violated his probation by disturbing the peace.

Counsel for the juvenile moved to dismiss the petition, but the juvenile court judge denied the motion. The case was thereafter heard by the court on the merits with the result above described.

On appeal there is no challenge to the facts upon which the juvenile court based its judgment. The issues presented may be stated as:

1. Does the juvenile probation officer, by choosing to "adjust" a juvenile matter pursuant to the Rules of Procedure for the Juvenile Court, preclude the county attorney from filing a juvenile petition?

2. Does the procedure established for filing juvenile petitions violate equal protection by failing to provide for a determination of probable cause similar to the procedure required by adult prosecutions?

Counsel for the juvenile argues that the juvenile probation officer has the discretion to charge or not charge the juvenile with an act of delinquency or violation of probation. As authority he refers to the Rules of Procedure for the Juvenile Court. He points out that Rule 1 defines the word "adjusted" as meaning "the handling of a juvenile referral or complaint in a manner which obviates the necessity of filing a petition." Counsel also points out that Rule 2 provides in part:

. . . . .

"(b) The juvenile probation officer shall make a record of the complaint and investigate the matter to determine whether the facts, if true, are sufficient to bring the child within the court's jurisdiction, and whether they appear serious enough on their face to warrant some form of court action. If the facts are insufficient to meet the foregoing conditions, the complaint may be *adjusted.*

"(c) If a child has acknowledged his responsibility for the delinquent act and the juvenile probation officer has found from his investigation of the child's total circumstances that court action is not necessary, the child may be referred to other agencies or to the parents, guardian or custodian for corrective action, and the complaint adjusted."

Finally, he points out that A.R.S. § 8–221 provides that the commencement of proceedings in juvenile court is accomplished by the filing of a petition in accordance with the Rules of Procedure for the Juvenile Court.

From the foregoing authorities counsel concludes that the decision to initiate a juvenile court proceeding is within the exclusive domain of the juvenile probation office. We find this position fallacious as based on an incomplete reading and understanding of the rules and statutes applicable to juvenile courts.

To determine the first issue in this case it is necessary to keep in mind that the rules

for juvenile court were adopted prior to the revision of the juvenile code. Under the 1956 code the juvenile probation officer had the authority that counsel describes. The probation officer made investigations and filed petitions; he represented children and their interests in court; he was to be notified when a child was arrested and he would decide the disposition to be made of the child. *See* A.R.S. §§ 8–204 and 8–221 prior to the 1970 revision.

In 1967, modifications in Arizona's juvenile justice system were mandated by the United States Supreme Court in *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The Supreme Court stated:

"Probation officers, in the Arizona scheme, are also arresting officers. They initiate proceedings and file petitions which they verify, as here, alleging the delinquency of the child; and they testify, as here, against the child. . . . The probation officer cannot act as counsel for the child." 387 U.S. at 35–36, 87 S.Ct. at 1448, 18 L.Ed.2d at 551.

*Gault* held that juveniles charged with delinquent acts were entitled to the assistance of counsel. The case also held that juveniles were entitled to a number of other constitutional rights including the privilege against self-incrimination, and the rights of confrontation and cross-examination. *Application of Gault,* 387 U.S. at 55–57, 87 S.Ct. at 1458–59, 18 L.Ed.2d at 561–63.

This court promulgated the juvenile rules recognizing that due process required substantial changes in Arizona's procedure in juvenile court, but the legislature had not changed the juvenile code at the time the rules became effective. Subsequently the legislature made a comprehensive revision of the juvenile code.

■ Under the revised juvenile code the powers of the juvenile probation officer were significantly changed. These changes were necessary to make the role of the probation officer comport with due process. The code changed his role to that of an officer of the court charged with the responsibility of gathering and evaluating in-

formation for the court and supervising those children assigned to him by the juvenile court after an adjudication of delinquency or incorrigibility.

The new code provided that the probation officer would:

"Receive and examine complaints involving an alleged delinquent or incorrigible child for the purpose of considering the commencement of proceedings under this chapter." A.R.S. § 8–205(1)

■ The new code did not, however, specifically authorize the probation officer to file petitions. It should be noted that there is a distinction between "complaints" and "petitions" in juvenile law. The complaint or referral is the written statement by an individual or agency setting forth facts describing the acts of a juvenile which may constitute delinquent conduct. The petition is the formal initiation of court action by a written instrument under oath filed with the juvenile court alleging an act of juvenile delinquency or incorrigibility. A complaint in juvenile law is somewhat similar to a complaint in criminal law, and the petition may, in a sense, be compared to an information or indictment.

The new juvenile code recognized that the adversary system had been introduced to juvenile law by *Gault.* Provision was made for the appointment of counsel for juveniles under A.R.S. § 8–225, and the role of the prosecutor was defined under A.R.S. § 8–233 which provided:

"A. The county attorney shall:

"1. Direct such investigation he deems necessary of acts of alleged delinquent behavior;

"2. Cause petitions alleging delinquent behavior to be drafted and filed with the juvenile court as he deems necessary in the public interest; and

"3. Attend the juvenile court within his county and conduct on behalf of the state all contested hearings involving allegations of delinquent acts or incorrigibility.

"B. In a juvenile court hearing where the child who is the subject of the peti-

tion not alleging a delinquent act or incorrigibility is represented by counsel in a contested matter, the county attorney shall, when requested by the juvenile court judge, appear and participate in the hearing to assist in the ascertaining and presenting of evidence."

The authority to file petitions alleging delinquent behavior was granted to the county attorney. No restriction was placed on that authority. The code left the matter to the county attorney to file petitions as he deemed necessary in the public interest. In *McBeth v. Rose*, 111 Ariz. 399, 531 P.2d 156 (1975), we recognized the change which the juvenile code had made in the method of prosecuting juvenile cases, and we noted that the decision to file a delinquency petition in juvenile court was a matter exclusively for the prosecutor.

■ The position of counsel for the juvenile on the authority of the probation officer is a reversion to the pre-*Gault* era where the probation officer occupied too many roles. We do not propose to reinvest the probation officer with the role of prosecutor. At the complaint or referral stage in a juvenile case the probation officer may, as the statute provides, examine complaints "for the purpose of considering the commencement of proceedings. . . ." The probation officer could decide that the matter should not be referred to the county attorney for the filing of a petition; that it be adjusted. The juvenile code, however, no longer leaves the decision solely to the probation officer. The decision to file a petition is now a function of the prosecutor. In his discretion the county attorney may, notwithstanding the opinion of the probation officer, deem it necessary in the public interest to file a petition alleging delinquent behavior. We believe this construction of the juvenile code and our rules is in harmony with due process and the changes in the juvenile system of justice.

Counsel for the juvenile argues that the prosecutorial freedom to file a petition without establishment of probable cause violates the juvenile's right to equal protection of the laws. U.S.Const. amend. XIV; A.R.S.Const. art. 2 § 13.

In *In re Maricopa County, Juvenile Action*, 18 Ariz.App. 560, 504 P.2d 501 (1972), a juvenile appellant attacked the validity of the juvenile appellate procedures, claiming that the shorter time limits for juvenile appeals violated equal protection. The Court of Appeals stated:

"Appellant's equal protection argument breaks down under analysis, for the Equal Protection Clause of the 14th Amendment to the U. S. Constitution does not require that all persons be treated alike, only that individuals within a certain class be treated equally and that there exist reasonable grounds for the classification. [Citations omitted.] In this regard, appellant admits there exists a reasonable ground for treating juvenile offenders in a different classification than adults." 18 Ariz.App. at 565, 504 P.2d at 506.

■ We believe that the same principle applies to this issue. The separate and comprehensive statutory and procedural system applicable to persons under the age of eighteen is a classification based upon the obvious difference between the maturity of adults and children. Under the juvenile system the often severe consequences following conviction of crime have been avoided by substituting civil penalties of limited duration and consequence. *See* A.R.S. §§ 8–207 and 8–246. We believe the classification to be reasonable and furnishes the basis for the different treatment of the class.

*Gault* did not require that a juvenile receive all the requirements of a criminal trial. *See Application of Gault*, 387 U.S. at 30, 87 S.Ct. at 1445, 18 L.Ed.2d at 548. The matter of the petition in juvenile court was considered in *Gault*, and the court held that the petition must give notice of the charges which would be deemed constitutionally adequate in a civil or criminal proceedings. *Id.*, 387 U.S. at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549. No requirement for establishment of probable cause prior to filing was mentioned.

The United States Supreme Court in *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) cautioned that all rights constitutionally assured for adults accused of crime are not imposed upon a state juvenile proceeding. The court then held that there was no constitutional right to a jury trial in juvenile court.

We do not believe that either "due process" or "equal protection" requires the establishment of probable cause before filing a petition in juvenile court. We note in passing that the juvenile rules have recently been amended to provide additional protection to a juvenile who may be subject to detention pending action by the juvenile court. 17A A.R.S. Juv.Ct.Rules of Proc., rule 3 as amended, 1978. The amended rule now requires that a determination of probable cause be made that the juvenile committed the acts alleged before the juvenile can be detained.

Finding the judgment and rulings of the juvenile court legally correct, we affirm the judgment.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.