604 P.2d 641

## In the Matter of the APPEAL, IN MARICOPA COUNTY JUVENILE NO. J–86509.

### No. 14357–PR.

Supreme Court of Arizona, In Banc.

Dec. 14, 1979.

Charles F. Hyder, Maricopa County Atty., by Laura J. Houseworth, Deputy County Atty., Phoenix, for the State of Arizona.

Atmore Baggot, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant juvenile was adjudicated delinquent for shoplifting. She was ordered committed to the custody of the Department of Corrections for the term permitted by law. A timely appeal was filed, and the Court of Appeals affirmed the judgment of the trial court, one judge dissenting. *Appeal in Maricopa County, Juvenile Action No. J–86509*, 124 Ariz. 380, 604 P.2d 644 (App.1979). We granted the appellant's petition for review. The opinion of the Court of Appeals is vacated.

The evidence presented at the hearing in juvenile court was not reported because the presence of the court reporter was waived by counsel for the parties. We are therefore unable to review appellant's contention that the evidence showed theft rather than shoplifting. When an incomplete record is presented to an appellate court, it must assume that any testimony or evidence not included in the record on appeal supported the action of the trial court. *Cullison v. City of Peoria*, 120 Ariz. 165, 584

P.2d 1156 (1978); *State v. Villalobos,* 114 Ariz. 392, 561 P.2d 313 (1977); *In re Appeal in Maricopa County, Juvenile Action No. J74449A,* 20 Ariz.App. 249, 511 P.2d 693 (1973). Guided by the foregoing we must conclude that the evidence supported the finding of delinquency made by the juvenile court.

Appellant's paramount point concerns the disposition made by the juvenile court after the finding of delinquency. The order of the juvenile court awarded the appellant to the custody of the Department of Corrections for the term permitted by law.

At the time of her commitment appellant was 15½ years of age. A.R.S. § 8–246B provides that the term of commitment shall be until the juvenile attains the age of twenty-one years unless sooner discharged by the Department of Corrections.

Appellant contends that the disposition which has been made of her case results in a possible loss of liberty for more than five years for her act of delinquency. She points out that the same act by an adult convicted of shoplifting goods of the same value would constitute a misdemeanor for which the maximum punishment under the criminal code in effect at the time would be six months' confinement and a fine of $300. This disparity she argues denies her the equal protection of the law to which she is entitled. Appellant urges that the term of commitment be reduced to a maximum of six months.

The state does not dispute appellant's contention that her loss of liberty could conceivably last five years, but it points out that such event is a mere possibility because most juveniles placed with the Department of Corrections are released within six months or less. In any event the state argues that the difference is justified based upon a theory of reasonable classification between adults and juveniles.

There is support for appellant's position that a juvenile may not suffer a loss of liberty for a longer period than an adult could be imprisoned for conviction of an identical offense. *See People v. Olivas,* 17 Cal.3d 236, 131 Cal.Rptr. 55, 551 P.2d 375 (1976).*

Other jurisdictions, however, that have examined the issue almost universally agree that a longer term of commitment for a juvenile than the maximum allowable sentence for an adult does not violate equal protection. *United States ex rel. Wilson v. Coughlin,* 472 F.2d 100 (7th Cir. 1973); *Caldwell v. United States,* 435 F.2d 1079 (10th Cir. 1970); *Guidry v. United States,* 433 F.2d 968 (5th Cir. 1970); *State v. Pitt,* 28 Conn.Sup. 137, 253 A.2d 671 (1969); *In re State in Interest of Tyler,* 262 So.2d 815 (La.App.1972); *In re State in Interest of K.V.N.,* 116 N.J.Super. 580, 283 A.2d 337 (1971), *aff'd.,* 60 N.J. 517, 291 A.2d 577 (1972); *People ex rel. Cromwell v. Warden,* 74 Misc.2d 642, 345 N.Y.S.2d 381 (1973); *Harvin v. United States,* 245 A.2d 307 (D.C. 1968); *Smith v. State,* 444 S.W.2d 941 (Tex. Civ.App.1969).

The Pennsylvania Supreme Court took what may be described as a middle ground holding that the state must show that the longer term of custody for a juvenile than that provided for an adult was permissible provided the longer commitment will result in the juvenile receiving appropriate rehabilitative care and not just in his being deprived of liberty for a longer period. *In re Wilson,* 438 Pa. 425, 264 A.2d 614 (1970).

The difference in treatment between juveniles and adults has been addressed by the appellate courts of this state on at least two occasions. *See In re Maricopa County, Juvenile Action No. J–72804,* 18 Ariz.App. 560, 504 P.2d 501 (1972); *Matter of Maricopa County, Juvenile Action No. J 81405–S,* 122 Ariz. 252, 594 P.2d 506 (1979). The differences in treatment between adults and children were upheld on the basis of

---

* The decision in *People v. Olivas, supra,* has been limited by a subsequent decision of the California Supreme Court. *In re Eric,* 25 Cal.3d 522, 159 Cal.Rptr. 317, 601 P.2d 549 (Oct. 2, 1979). California appears to have joined the majority of jurisdictions which allow a juvenile to be committed for a longer period than an adult could be confined for the same act.

reasonable classification. It was pointed out that the separate and comprehensive statutory and procedural system for juveniles was based on the need for different treatment for children because of the obvious difference in maturity.

To compensate for the difference in experience, knowledge and maturity the juvenile system was designed to substitute civil penalties rather than the consequences of criminal conviction and punishment. A.R.S. § 8–207A. The treatment of juveniles was made a separate system of rehabilitation, and a juvenile, committed by juvenile court, could not be committed or transferred to an institution or facility used primarily for confinement of persons convicted of a crime. A.R.S. § 8–207B.

We believe that the difference in classification between adults and juveniles is not only a reasonable one but one which meets the vital interest of the state in protecting children. We are satisfied that the separate system of rehabilitation provided by the statutes is a legitimate means to carry out the state's need to protect and control children.

While it may be reasonable to classify persons under the age of eighteen for special treatment, the present juvenile code provides that the Department of Corrections may continue a person's commitment until his twenty-first birthday. A.R.S. § 8–246B. We find no legal justification for maintenance of control by the Department of Corrections, or for that matter juvenile court under A.R.S. § 8–246A, beyond the age of eighteen.

The Arizona Constitution, Article 6, § 15 invests the superior court with the exclusive jurisdiction to hear matters affecting children under the age of eighteen accused of crime. Under the same section the power of the judges to control such children is to be as provided by law. The cited section of the Arizona Constitution speaks in terms of children under the age of eighteen. Nowhere is there a grant by the Arizona Constitution of authority for persons eighteen years of age or older to be treated as children.

Although A.R.S. § 8–201(3) recognizes that an adult is a person eighteen years of age or over, A.R.S. § 8–246 seeks to continue the power of the juvenile court and the Department of Corrections over an individual beyond his or her eighteenth birthday. This extension of jurisdiction beyond age eighteen results in a classification which discriminates between adults. We are not persuaded that this is a legitimate classification sufficient to meet constitutional standards. We, therefore, hold that the jurisdiction of juvenile court and the power of the Department of Corrections under a juvenile commitment terminates when a person reaches eighteen years of age. The provisions of A.R.S. § 8–246 providing for retention of jurisdiction beyond age eighteen are unconstitutional and therefore null and void.

The judgment of the juvenile court is affirmed, but the term of commitment imposed upon the appellant may not extend beyond the juvenile's eighteenth birthday.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.