611 P.2d 119

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–87631.**

**No. 1 CA–JUV 129.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 1, 1980.
Review Denied May 20, 1980.

Charles F. Hyder, Maricopa County Atty. by William F. Molner, Deputy County Atty., Phoenix, for appellee State.

Ross P. Lee, Maricopa County Public Defender by J. D. Howe, Deputy Public Defender, Phoenix, for appellant Juvenile.

## OPINION

HAIRE, Judge.

The juvenile has appealed from an order of the juvenile judge committing her to the State Department of Corrections.[1] The commitment followed an adjudication of delinquency based upon the juvenile's admission to a charge of unlawful flight from a pursuing police vehicle, Count I of the delinquency petition.

Appellant's counsel has questioned the unavailability to him of transcripts of certain hearings in this proceeding occurring on September 19, 1978 and October 17, 1979. From our review of the record we note that on both of these dates the hearings were before a juvenile referee, and that no court reporter was present. We find no prejudice to the juvenile from the

---

1. The commitment was for the period "until the juvenile reaches the age of 21 years or until she is sooner released in accordance with law." However, pursuant to the Arizona Supreme COurt's recent opinion in *In the Matter of the Appeal, In Maricopa County Juvenile No. J–86509*, 124 Ariz. 377, 604 P.2d 641 (1979), the commitment must terminate when the juvenile reaches the age of 18 years.

failure to have these proceedings reported. If dissatisfied with the recommendations of the referee, the juvenile had the absolute right to appeal to the juvenile judge and thereby obtain a fully reported *de novo* determination. *See* A.R.S. §§ 8–231.01 and 8–231.02.

■ The juvenile's primary contention on this appeal is that her commitment to the State Department of Corrections denies her equal protection of the law and substantive due process. The essence of this argument is that because of the indeterminate nature of the commitment authorized by A.R.S. § 8–246,[2] arbitrary and unreasonable classifications are created between juveniles of different age groups. The juvenile urges that as a result she is denied the right to be treated equally with other juveniles who have committed the same offense, since the length of her incarceration is determinable only by reference to her age at the time of incarceration.

We disagree with appellant's contention that there is no legal justification for this distinction between members of the same class. Although this specific equal protection argument was not addressed in the Arizona Supreme Court's opinion in *In the Matter of the Appeal, In Maricopa County Juvenile No. J–86509, supra,* note 1, this same statutory sentencing provision was discussed in considering an equal protection argument raised in that case concerning the reasonableness of classifications involving differences in treatment between adults and children. The same reasons that justified the denial of the appellant's equal protection arguments in that case are applicable here. There the Arizona Supreme Court rejected the idea of determinate sentencing for juveniles because of the goals of rehabilitation and treatment in the juvenile

system. Flexibility is necessary because the length of treatment in any individual case cannot be predetermined. For these reasons, we reject the juvenile's argument that she is denied equal protection because of the indeterminate sentencing provisions of A.R.S. § 8–246 A.

■ The juvenile next contends that the trial judge was without power to set aside her initial admissions. The procedural facts giving rise to this contention are as follows. On September 19, 1978, at an advisory hearing before a referee, the juvenile admitted the allegations of the delinquency petition. Thereafter, on December 8, 1978, after a disposition hearing, the referee recommended that the juvenile be placed on probation. The county attorney timely requested rehearing before the juvenile judge of the referee's recommendation of probation. The matter was set for hearing on January 25, 1979. However, before the hearing could be held, the juvenile fled the jurisdiction and was later arrested in Texas. The matter was once again set for the previously scheduled dispositional hearing before the juvenile judge. Before this newly scheduled dispositional hearing was held, and apparently after reviewing the file, the trial judge decided that the juvenile had not been adequately advised of the possible dispositional alternatives at the September 19, 1978 advisory hearing. He therefore set aside the adjudication of delinquency which was based upon the juvenile's initial admissions, and rescheduled the matter for a new hearing on both the adjudicatory and dispositional phases. We fail to see how this could possibly be prejudicial to the juvenile. Thereafter the juvenile was given a full evidentiary hearing before a referee, and was adjudicated delinquent with the recom-

2. A.R.S. § 8–246 reads as follows:
"§ 8–246. Jurisdiction; length of commitment; placement
"A. When jurisdiction has been acquired by the juvenile court of a child, the child shall continue under the jurisdiction of the juvenile court until such child becomes twenty-one years of age, unless sooner discharged pursuant to law. From the time of commitment to the department of corrections, a child shall be

subject to the control of the department of corrections until such child's absolute discharge.
"B. The awarding of a child shall not extend beyond the twenty-first birthday of the child, and commitments to the department of corrections shall be until the child attains the age of twenty-one years unless sooner discharged by the department of corrections."

mended disposition being commitment to the State Department of Corrections. The juvenile's counsel timely requested rehearing before the juvenile judge of the referee's dispositional recommendation, and at the subsequent hearing before the judge, the juvenile again admitted Count I of the delinquency petition. The juvenile judge then ordered her committed to the State Department of Corrections.

 This brings us to the juvenile's final contention which is that the judge abused his discretion in committing her to the State Department of Corrections. We have reviewed the record, and in view of the juvenile's past conduct, we cannot say that the trial judge abused his discretion in ordering her committed to the State Department of Corrections.

The order of commitment is modified so as to specify commitment until the juvenile reaches the age of 18 years or until she is sooner released in accordance with law. As so modified, the adjudication of delinquency and the dispositional order are affirmed.

EUBANK, P. J., Department B, and O'CONNOR, J., concur.