616 P.2d 97

**In the Matter of the Appeal in Maricopa County JUVENILE ACTION NO. J–87432.**

**No. 1 CA–JUV 123.**

Court of Appeals of Arizona, Division 1, Department A.

Aug. 19, 1980.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for Juvenile.

Charles F. Hyder, County Atty. by Laura J. Houseworth, Deputy County Atty., Phoenix, for State.

## OPINION

WREN, Judge.

The juvenile has appealed from an order of the Superior Court–Juvenile Division in Maricopa County revoking his probation and committing him to the State Department of Corrections. We affirm.

The following are presented as grounds for the appeal:

1. The juvenile's admissions to the allegations of two delinquency petitions, which resulted in his being adjudicated a delinquent child, were not properly accepted as having been knowingly, voluntarily and intelligently made.

2. The juvenile's admission to having violated the terms of probation, which resulted in the revocation of his probation and commitment to the State Department of Corrections, was not properly accepted as having been knowingly, voluntarily and intelligently made.

The record reflects that the original delinquency petition was filed on August 10, 1978. At the adjudication hearing on September 8, 1978, the juvenile admitted the charge of curfew violation. The only record of the proceeding is the minute order of the juvenile court referee:

The juvenile having been readvised of his constitutional rights and dispositional alternatives, individually and through counsel, offers an admission to Count I, curfew violation. The Court interrogates the juvenile, finds there is factual basis that his admission is made knowingly, voluntarily, and intelligently. The Court, therefore, accepts the admission, finds the allegations are true, and the juvenile is delinquent.

At the subsequent disposition hearing on October 18, 1978, the referee recommended that the juvenile be placed on probation in the custody of Eighth Place Center.

Thereafter on October 25, 1978, a second delinquency petition was filed, charging possession of stolen property. At the advisory hearing conducted on October 25, 1978, the juvenile waived counsel and admitted the allegations of this second petition. Again the admission was accepted by the referee. The record of the proceedings was a minute order stating that:

"Parties are advised of constitutional rights:

The right to a trial, the right to confront and cross–examine witnesses, the right to call witnesses in the juvenile's behalf, the right to remain silent.

Parties are advised of the right to be represented by counsel at any point in the proceedings against the juvenile, and of the right to court appointed counsel if indigent.

They waive counsel. The Court determines that the juvenile is capable of making a voluntary, knowing and intelligent waiver of counsel, and is aware of the consequences of an admission in that at the time of disposition hearing the options to the Court could range anywhere from rendering continued probation with placement in the home, probation with placement outside the home or a commitment to the State Department of Corrections. The juvenile, with the concurrence of his parents offers an admission to the petition. The Court interrogates the juvenile, satisfied there is a factual basis for the admission, that the admission is freely given, that no threats or promises were made to the juvenile. The Court accepts the admission and on the basis thereof FINDS [the juvenile] to be delinquent in need of further services of the Court."

At a disposition hearing held on December 4, 1978, the juvenile was continued on probation in the custody of Eighth Place Center.

Two violations of probation petitions were thereafter filed. The second, dated July 24, 1979, charged: Count I, joyriding; and Count II, leaving the scene of an accident. An adjudication–disposition hearing was conducted on September 19, 1979, during which the juvenile entered an admission to Count I. The admission was accepted by the juvenile court referee and Count II was dismissed. The referee's minute order reflects the nature of his interrogation of the juvenile at this proceeding:

"The juvenile is advised of the following Constitutional rights: the right to trial, to confront and cross–examine witnesses to call witnesses in juvenile's own behalf, to testify, and to remain silent. The juvenile is advised of disposition alternatives, including probation, placement outside the home, or commitment to the State Department of Corrections until the age of 21. The juvenile indicates an understanding of these matters and individually and through counsel offers an admission to Count I of the petition.

The Court interrogates the juvenile and finds there is a factual basis for the admission, that the admission is made knowingly, voluntarily and intelligently. The Court accepts the admission and therefore FINDS the allegations of Count I of the petition are true and that the juvenile is in violation of probation."

At the conclusion of the hearing the referee recommended that the juvenile be committed to the State Department of Corrections until age 21, unless sooner released pursuant to law. This recommended disposition was affirmed by the juvenile court on November 1, 1979.

It is the juvenile's argument on appeal that this record fails to comport with the minimal requirements of due process required by *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–86715*, 122 Ariz. 300, 594 P.2d 554 (1979); and that his admissions of September 8, 1978 and October 25, 1978 do not provide a constitutionally sufficient basis for the resulting adjudication of delinquency. He urges that there is no material difference between the record of these proceedings and the record which was found to

be insufficient by this Court *In the Matter of the Appeal in Maricopa County Juvenile Action No. J-86715*; and requests that this cause be remanded for a hearing to determine whether at the time of the admissions he was aware of the rights he was giving up and the consequences of an admission.

Juvenile makes the same argument to the admission of having violated the terms of probation, asserting that, although the referee's minute order recites compliance with the law in determining that he was aware of the rights he was waiving and the consequences thereof, the minute order was not materially different from the minute orders of the adjudication proceedings.

Basically, juvenile relies on *In the Matter of the Appeal in Maricopa County Juvenile Action No. J-86715*, which held that a juvenile admission must comport with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 724 (1969). In response, the state points out that the *Boykin* requirement was established for adult cases in *State v. Rios*, 113 Ariz. 30, 545 P.2d 954 (1976), and that that case was held to be prospective only in *State v. Stenrud*, 113 Ariz. 327, 553 P.2d 1201 (1976), and *State v. Price*, 27 Ariz.App. 673, 558 P.2d 701 (1976). This rationale, the state urges, should also be extended to *In the Matter of the Appeal in Maricopa County Juvenile No. J-86715*. In *State v. Stenrud*, the Arizona Supreme Court held:

> We are reluctant to apply a constitutional rule of criminal procedure retroactively. . . . Retroactive application of a rule is appropriate if it affects the integrity of the fact–finding process and there is clear danger of convicting the innocent. (citation omitted). . . .
> While the purpose of the constitutional rule enunciated in that case is to enhance the intelligence of a defendant's plea, significant protections designed to insure that goal existed prior to the decision and were afforded the defendant in this case.
> 113 Ariz. at 328, 329, 553 P.2d at 1202, 1203.

■ In his reply brief, the juvenile asserts that the rationale of *State v. Stenrud* is inapplicable to the instant case in that

*State v. Rios* represented a change in the law, i. e., a *new* rule, and that no such new rule was announced *In the Matter of the Appeal in Maricopa County Juvenile Action No. J-86715*. We disagree. The decision of this Court in the juvenile case enumerated specifically for the first time in this jurisdiction the application of *Boykin v. Alabama* to juvenile court proceedings.

Moreover, under the principles enunciated in *State v. Stenrud*, for determining whether to apply a prospective or retrospective interpretation, we hold that a "prospective only" application to *Juvenile Action No. J-86715* does not affect the integrity of the fact finding process as to cases heretofore adjudicated. We would be hard pressed to apply the principle of retroactivity to proceedings which historically have been non–criminal in nature; nor are we anxious to set a precedent that might well bring up for review many similar cases, with its chilling effect upon the rehabilitation goals of juvenile court.

■ As to the minute entry of September 19, 1979, revoking probation, it is the position of the state that the minute order itself reflects full compliance by the referee with *Boykin v. Alabama* in advising the juvenile of his constitutional rights. We agree.

*In the Matter of the Appeal in Maricopa County Juvenile Action No. J-86715* it was stated that:

> An additional requirement for a valid guilty plea in criminal cases is the existence of a *factual basis for the plea*. *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978). *Due process also requires that some factual basis for a juvenile's admission be established*. The referee who accepted appellant's admission in this case concluded that there was a factual basis. This conclusion is amply supported by the petition and the police reports attached to it. *See State v. Rodriquez*, 112 Ariz. 193, 540 P.2d 665 (1975), and *State v. Davis*, 112 Ariz. 140, 539 P.2d 897 (1975). (emphasis supplied.) 122 Ariz. at 303, 594 P.2d 557.

In the record before us there is no police report. However, the minute entry shows

that the court interrogated the juvenile and found a factual basis for his admission to the charge of joyriding. Furthermore, the juvenile, during the hearing, was represented by counsel who, on September 21, 1979, filed a Request for Rehearing, which was held before the juvenile court judge. The issue as to whether the admission by the juvenile was made knowingly, voluntarily and intelligently was not even raised. The only matter argued was his commitment to the State Department of Corrections. As to this commitment order, the referee's report and recommendations of September 19, 1979 were affirmed by the judge.

We therefore find no abuse of discretion in revoking probation and ordering commitment of the juvenile to the State Department of Corrections. However, in accord with *In the Matter of the Appeal, In Maricopa County Juvenile No. J-86509*, 124 Ariz. 377, 604 P.2d 641 (Ariz. 1979), the order of commitment to the Department of Corrections is modified to age 18.

As so modified the proceedings are affirmed.

FROEB, P. J., Department A, and DONOFRIO, J., concur.