864 P.2d 560

**In the Matter of the Appeal in MARICOPA COUNTY JUVENILE ACTION NO. JV–500210.**

**No. 1 CA–JV 93–0045.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 2, 1993.

Richard M. Romley, Maricopa County Atty. by Melainie Barsickow, Deputy County Atty., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Margaret C. Morse, Deputy Public Defender, Mesa, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Juvenile appeals from an adjudication of delinquency for one count of assault. She asserts that she has the right to reject probation and request incarceration instead. The State moves to dismiss, claiming that the Juvenile did not preserve the issue for appeal. The State also responds on the merits. We deny the Motion to Dismiss and affirm the order of the juvenile court placing the Juvenile on probation.

In November 1992, the State filed a Petition alleging that the Juvenile had committed an assault. The juvenile court found that the State had proved the assault, and it adjudicated the Juvenile a delinquent. At the disposition hearing, the Juvenile requested regular probation. However, the court decided that intensive probation was more appropriate based on the serious nature of the offense, the Juvenile's prior history of delinquency, and the recommendation of the probation officer. At the conclusion of the hearing, the Juvenile refused to sign the form setting forth the terms and conditions of intensive probation. This appeal followed.

The Juvenile argues that she has the right to reject probation and choose incarceration instead. Before considering the merits of the Juvenile's argument, we address the State's claim that the Juvenile did not preserve her issue for appeal. The State claims that the Juvenile should have asserted her refusal of intensive probation at the disposition hearing, then, if necessary, moved the court to reconsider its order, before appealing to this court.

We believe that what the Juvenile said and did in the court below was sufficient to preserve the issue she now raises. It is true that the Juvenile did not couch her protest below as a choice between intensive probation and incarceration, but she clearly refused to accede to the grant of intensive probation. She now casts her argument in terms of probation or incarceration, presumably because *State v. Montgomery*, 115 Ariz. 583, 584, 566 P.2d 1329, 1330 (1977), where the Arizona Supreme Court states that an adult may reject probation, discusses the issue in that context. Assuming the judge had believed that the Juvenile had a right to reject intensive probation, he actually had all

the alternatives provided in Ariz.Rev.Stat. Ann. ("A.R.S.") section 8–241(A)(2) (Supp. 1992), from which to choose, including incarceration. The real question is whether the Juvenile had a right to refuse intensive probation, whatever the alternative. As we have already observed, she preserved that issue by what she said and did. Further, nothing in the Rules of Procedure for Juvenile Court requires the Juvenile to file a motion to reconsider before she can appeal, and the State cites no authority to support its assertion.

The Juvenile argues that because adults have the right under *Montgomery* to reject probation, so do juveniles because the concept of equal protection of the laws applies to them. The concept of equal protection does apply to juveniles in some respects, for example, where the right to counsel or the privilege against self-incrimination is concerned. *Application of Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Arizona cases, however, have held that the concept of equal protection does not require that the state always treat juveniles in the same manner as adults. *See, e.g., Maricopa County Juv. Action No. J–86509*, 124 Ariz. 377, 379, 604 P.2d 641, 643 (1979) (statutory scheme that allows imposition of longer penalty on juvenile than an adult could receive does not violate equal protection standards), *cert. denied*, 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 245 (1980), *Maricopa County Juv. Action No. J–81405–S*, 122 Ariz. 252, 255–56, 594 P.2d 506, 509 (1979) (prosecution of juvenile on petition rather than by complaint does not violate equal protection standards); *Maricopa County Juv. Action No. J–72804*, 18 Ariz.App. 560, 565, 504 P.2d 501, 506 (1972) (difference in appeal procedures for juveniles does not violate equal protection standards). Equal protection requires only that where there are reasonable grounds for establishing different classifications, individuals within the same class be treated equally. *Id.*

We note that in *Montgomery*, the case where the supreme court found that an adult defendant may opt for incarceration instead of probation, the court did not explain the reason for its finding. We assume that the rationale for the finding is the futility of imposing probation on a person who avows he will not abide by its terms. What might be futile as to an adult, however, might not be useless where a child is concerned.[1] Juveniles are less likely than adults to have the knowledge, experience and maturity to determine what is in their own best interest. *See Juvenile Action No. J–86509*, 124 Ariz. at 379, 604 P.2d at 643. So too, the purpose of sentencing schemes for juveniles is rehabilitation, whereas the purpose for adults is punishment. *See Maricopa County Juv. Action No. J–86509*, 124 Ariz. 380, 383, 604 P.2d 644, 647 (App.1979), *vacated on other grounds*, 124 Ariz. 377, 604 P.2d 641. Given these considerations, the judge's choice of treatment should be given the chance to work. Unlike adults, juveniles do not have the right to reject probation. The order of the juvenile court is affirmed.

VOSS, P.J., and McGREGOR, J., concur.

---

1. The judge's choice of treatment does not appear to have been futile in this case. Based on the record, this Juvenile is currently following the terms and conditions of intensive probation even though she asserts that she is not on probation.