716 P.2d 416

**In the Matter of the Appeal In PIMA COUNTY JUVENILE ACTION NO. J–70107–2.**

**No. 2 CA–CIV 5420.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 7, 1985.

Curtis & Cunningham by George Haskel Curtis, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by Cindi S. Nannetti, Tucson, for appellee.

**48**

HOWARD, Judge.

The minor has appealed from the order of the juvenile court transferring him to adult court for criminal prosecution. A delinquency petition was filed on January 8, 1985, alleging that the appellant had committed theft and arson of property having a value of more than $1,000. The delinquency petition was amended on January 18, 1985, charging six counts of theft and one count of attempted theft. The amended petition was filed simultaneously with a petition to transfer to adult jurisdiction. Appellant waived an evidentiary hearing on probable cause and the juvenile court, following a transfer hearing on March 5, issued its under-advisement minute entry March 7, ordering that appellant be transferred to the adult division of the superior court. The juvenile filed a timely appeal, statement of grounds and memorandum of points and authorities. Subsequently, the state presented its own "Order of Transfer" to the judge, and that second order was signed on March 28.

The state filed its response and a supplemental brief was filed in this court on August 19. Appellant contends that the juvenile court abused its discretion in ordering the transfer. We agree.

■ The second "Order of Transfer" which was entered on March 28, must be disregarded. The juvenile court no longer had jurisdiction over the case on that date. Rule 25, Rules of Procedure for the Juvenile Court, 17A A.R.S., provides that "[a]n appeal must be taken within 15 days after the final order is entered in the minutes of the juvenile court." A final order of the juvenile court consists of a minute entry reflecting the disposition action taken by that court. See *Appeal in Maricopa County, Juvenile Action No. J–79149*, 25 Ariz.App. 78, 541 P.2d 404 (1975). The

court's under-advisement minute entry filed March 8 constituted an appealable order. The juvenile's notice of appeal was filed in superior court on March 22, appealing from the minute entry dated March 7. The juvenile court was thus without jurisdiction to enter the "Order of Transfer" presented by the state on March 28. See *City of Flagstaff v. Babbitt*, 8 Ariz.App. 123, 443 P.2d 938 (1968). The "Order of Transfer" entered by the court on March 28 is vacated.

■ Appellant argues that the juvenile court abused its discretion in ordering appellant's transfer for criminal prosecution for the sole reason that appellant could not afford to make restitution to the victims. The court's March 7 minute entry contains the following language:

"The court having the question of transfer under advisement, after having heard the testimony and evidence presented in this case, and after considering the factors outlined in Rule XIV of the Rules of Procedure of Juvenile Court,

THE COURT DOES FIND that the public interests would be best served by the transfer of the child and

IT IS ORDERED that the minor, ..., is transferred to the Adult Division of the Superior Court, subject to continued release on his own recognizance and summons in for appearance in the Superior Court."

Rule 14(c), Rules of Procedure for the Juvenile Court, 17A A.R.S., requires the court to "determine whether the public safety or interest would best be served by the transfer of the child for criminal prosecution." In deciding whether a juvenile should be transferred, the court is required to consider specific factors set forth in that rule.[1]

---

1. "(1) the seriousness of the alleged offense and whether it was committed in an aggressive, violent, premeditated or willful manner;
(2) whether the alleged offense was against person or against property, and whether personal injury resulted;
(3) the sophistication and maturity of the child as determined by consideration of the

child's age, intelligence, education, environment, emotional attitude and pattern of living;
(4) the child's physical, mental and emotional condition;
(5) the record and previous history of the child, including previous contacts with juvenile courts and law enforcement agencies in

Rule 14(d), requires the juvenile court to state the reasons for transfer if a transfer order is entered. Our supreme court, citing *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), has held that "due process requires the court to state its reasons for the transfer." *Appeal in Maricopa County, Juvenile Action No. J–94518*, 138 Ariz. 287, 290, 674 P.2d 841, 844 (1983). While the court's transfer order does not comply with the due process requirements of Rule 14(d), the court did make specific findings in the record of the transfer proceedings on March 5. Cf. *Anonymous, Juvenile Court No. 6358–4*, 14 Ariz.App. 466, 484 P.2d 235 (1971), (juvenile court did not state reasons for transfer and appellate court suspended appeal for limited purpose of preparation of a reviewable order in accordance with Rule 14).

The evidence presented at the transfer hearing established that total restitution would require payment of approximately $10,000. The juvenile court found that, but for the issue of restitution, a transfer order would not be appropriate. The following exchange took place between the court and the probation officer who testified:

"THE WITNESS: Well, I think the issue lies with the minor to make restitution, and he expressed that he wants to do that. He has parents that stated they would help in cooperating in keeping [the minor] in a position where he could make restitution, and also assist.

THE COURT: Do you think as a Probation Officer that there is a reasonable likelihood that that minor will be able to make restitution prior to his 18th birthday? That's the test."

Later in the hearing, the judge stated to the minor:

"The reason I'm taking time to explain is, I am faced with a difficult situation.

If I was dealing with you as a person, then I would have no hesitancy in keeping you in Juvenile Court System, but when I'm also faced with having to view the publics [sic] interest in a case like this an interest of restitution, then I have to look beyond you and see how that's basically going to be effected.

If we were talking about a case here of $500 or $1,000 there would be no hesitancy to keep you here, but with this kind of restitution I almost feel I may be compelled to transfer."

While the court's March 7 minute entry order of transfer does not set forth the reasons for the order, the transcript of the transfer hearing establishes that the court ordered a transfer to the adult division solely for the reason that restitution could not be completed by appellant's eighteenth birthday, which is December 19, 1985.

■■■ The juvenile court is expressly authorized to require that a minor pay restitution to the victim of his delinquent act. A.R.S. § 8–241(C)(1), provides in part:

"The court shall, after considering the nature of the offense and the age, physical and mental condition and earning capacity of the child, order the following dispositions for a delinquent child, either as exclusive dispositions or in addition to the dispositions provided by subsection A, paragraph 2 of this section:

1. To make full or partial restitution to the victim of the offense for which the child was adjudicated delinquent...."

Section 8–241(E) provides:

"The court shall require the restitution or monetary assessment imposed under subsection C or D of this section on a youth who is not committed to the state department of corrections to be satisfied in one or both of the following forms:

this and other jurisdictions, prior periods of probation in any court and their results, and any prior commitments to juvenile residential placements and secure institutions;

(6) whether the child has previously been transferred for criminal prosecution in this or any other state;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court; and

(8) any other factors which appear to be relevant to the determination of the transfer issue."

**50**

1. monetary reimbursement by the youth in lump sum or installment payments through the clerk of the superior court for appropriate distribution."

The juvenile court erroneously extended the application of § 8–241(C)(1) to include a requirement that restitution be completed by the minor's eighteenth birthday. While the jurisdiction of the juvenile court and the department of corrections for commitment of a minor ends on the child's eighteenth birthday, see *In the Matter of Appeal, in Maricopa County Juvenile No. J–86509,* 124 Ariz. 377, 604 P.2d 641 (1979), the juvenile court has the power to implement its orders in a non-commitment context until the child becomes 21 years of age. A.R.S. § 8–202(E), provides:

"Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes twenty-one years of age, unless terminated by order of the court prior thereto."

■ It is clear from the transcript of the disposition hearing that the transfer order was based solely on the juvenile court's erroneous beliefs as to the extent of its authority to implement and enforce a restitution order which could realistically be complied with prior to the time it lost jurisdiction over the minor. The transfer order is therefore vacated, and the cause is remanded for further action consistent with this opinion prior to the minor's eighteenth birthday.

BIRDSALL, P.J., and FERNANDEZ, J., concur.