716 P.2d 404

**In the Matter of the Appeal In PIMA COUNTY JUVENILE ACTION NO. J–70107–2.**

**No. 18524–PR.**

Supreme Court of Arizona,
En Banc.

March 17, 1986.

Reconsideration Denied April 29, 1986.

Curtis & Cunningham by George H. Curtis, Tucson, for appellant minor.

Stephen D. Neely, Pima County Atty., Clinton R. Stinson, Cindi S. Nannetti, Deputy Pima County Attys., Tucson, for appellee.

GORDON, Vice Chief Justice.

We granted review in order to determine whether a juvenile court may retain jurisdiction over a juvenile in non-commitment cases past the age of eighteen, and whether a juvenile court may use a juvenile's inability to complete restitution before age eighteen as a basis for transferring the juvenile to adult court.

The facts giving rise to this case are in little dispute. The juvenile, along with several friends, was involved in a series of vehicle thefts in Pima County which often ended with the partial destruction of the vehicles. Damage was estimated to range from $10,000–$18,000. On January 8, 1985 a delinquency petition was filed against the minor alleging theft and arson of property having a value of more than $1,000. On January 18 the petition was amended to charge six counts of theft and one count of attempted theft. Also on January 18 a petition to transfer the juvenile to adult jurisdiction was filed by the Pima County Attorney's office. On February 1 the juvenile waived the probable cause portion of the transfer hearing.

On March 5 the amenability portion of the transfer hearing was held. Following the hearing the juvenile court entered a minute entry dated March 7, 1985, transferring the juvenile to the adult court for criminal prosecution. The juvenile filed a timely appeal.

The Court of Appeals reversed and remanded. 149 Ariz. 47, 716 P.2d 416 (1985). The appeals court concluded that the juvenile court judge abused his discretion by basing his decision to transfer the juvenile solely upon his fear that restitution could not be completed by the juvenile's eighteenth birthday, which was December 19, 1985. The Court of Appeals agreed that restitution was a proper factor to consider in the transfer decision, but

held that "the transfer order was based solely on the juvenile court's erroneous beliefs as to the extent of its authority to implement and enforce a restitution order...." At 419. The court concluded that A.R.S. § 8–202(E) authorizes a juvenile court to retain jurisdiction over a juvenile in non-commitment cases until age twenty-one.[1] A Petition for Review was filed by the Pima County Attorney's office, and a Cross-Petition for Review was filed on behalf of the juvenile. Both petitions were granted.

I

The first issue we must address is whether a juvenile court may retain jurisdiction over a juvenile in a non-commitment case past age eighteen. This issue is squarely governed by our decision in *In the Matter of the Appeal in Maricopa County Juvenile No. J–86509*, 124 Ariz. 377, 604 P.2d 641 (1979), and despite the Court of Appeals' attempt to distinguish *Maricopa County Juvenile No. J–86509* from the present case, it clearly disposes of the issue.

In *Maricopa County Juvenile No. J–86509* we declared unconstitutional that portion of A.R.S. § 8–246 which invested in the juvenile court and Department of Corrections continuing authority over an individual beyond his eighteenth birthday. We forbade the commitment of any individual past age eighteen pursuant to juvenile court authority, since "[n]owhere is there a grant by the Arizona Constitution of authority for persons eighteen years of age or older to be treated as children." 124 Ariz. at 379, 604 P.2d at 643. The Court of Appeals relied heavily upon the fact that *Maricopa County Juvenile No. J–86509* involved a commitment to the Department of Corrections, in contradistinction to the non-commitment proceeding in this case. However, the significance of this distinction is more imaginary than real. The es-

sential holding of *Maricopa County Juvenile No. J–86509* —that juvenile court jurisdiction ends at age eighteen—was clearly not limited to the particular facts of that case. The decision was based upon our interpretation of art. 6, § 15 of the Arizona Constitution, and we held that the constitutional provision precludes juvenile court jurisdiction over adults since "[an] extension of jurisdiction beyond age eighteen results in a classification which discriminates between adults." 124 Ariz. at 379, 604 P.2d at 643.

Consequently, the Court of Appeals' reliance on A.R.S. § 8–202(E) is misplaced. The statute attempts to confer continuing juvenile court jurisdiction over juveniles until age twenty-one in direct derogation of our holding in *Maricopa County Juvenile No. J–86509*. As our decisions in that case and today make clear, the jurisdiction of the juvenile court terminates upon a juvenile's eighteenth birthday. Admittedly, A.R.S. § 8–202(E) was amended as recently as 1983 without change in the grant of jurisdiction until age twenty-one. *See* Laws 1983, Chap. 271 § 1, eff. Jan. 1, 1984. However, more recently A.R.S. § 8–246 was amended to restrict the juvenile court's jurisdiction to age eighteen. Laws 1985, Chap. 45, § 1, approved by the Governor, April 9, 1985. The two statutes are now incompatible. While we have a duty to harmonize statutes, if possible, and will not construe a statute as repealed or partially repealed by implication if that result can be avoided, *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 227, 485 P.2d 549, 552 (1971), where statutes are inherently irreconcilable it is our duty to determine which is the governing law. A basic canon of statutory construction is that "where two statutes are in conflict in any of their provisions, the later one governs." *Webb v. Dixon*, 104 Ariz. 473, 476, 455 P.2d 447, 450 (1969). In this case the amendment to A.R.S. § 8–246 is most recent, and thus indicates a legislative deter-

---

1. A.R.S. § 8–202(E) provides:

"E. Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes *twenty-one* years of age, unless terminated by order of the court prior thereto." (emphasis added)

mination that age eighteen constitutes the limit of juvenile court jurisdiction. This interpretation of legislative intent is also consonant with our decision in *Maricopa County Juvenile No. J–86509* and today's ruling. To the extent that A.R.S. § 8–202(E) provides for retention of jurisdiction beyond age eighteen it is unconstitutional and therefore null and void.

## II

The second issue we must address is whether a juvenile's inability to complete restitution prior to age eighteen may be used as a factor when determining whether the juvenile should be transferred. A juvenile court has the power to order a juvenile "[t]o make full or partial restitution to the victim of the offense for which the child was adjudicated delinquent." A.R.S. § 8–241(C)(1). However, that does not mean that a juvenile judge may use a juvenile's ability or inability to complete restitution as a factor in the transfer decision. Ability to complete restitution prior to loss of juvenile court jurisdiction is an improper basis upon which to transfer a juvenile to adult court. The decision to transfer a juvenile to adult jurisdiction may be made only after an individualized inquiry which focuses on the juvenile himself and the nature of the offense. "[T]ransfer decisions should be keyed ... to the individual." *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–96430*, 142 Ariz. 515, 520, 690 P.2d 816, 821 (1984). The individualized nature of the proper inquiry

is evident upon examination of Rule 14(c) of the Rules of Procedure of the Juvenile Court, 17A A.R.S., which establishes the criteria which may be used when deciding whether to transfer a juvenile for prosecution as an adult.[2] While the factors enumerated in Rule 14(c) include the "catch-all" provision of subsection 8, the first seven factors relate to the juvenile as an individual and to the nature of the offense. Viewed in this context, consideration of a pecuniary factor such as ability to complete restitution is contrary to the purposes of the transfer hearing. *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–96430, supra.* Nonetheless, the juvenile court obviously believed that it was a proper factor, as the following disquisition illustrates:

> "THE WITNESS: Well, I think the issue lies with the minor to make restitution, and he expressed that he wants to do that. He has parents that stated they would help in cooperating in keeping [the minor] in a position where he could make restitution, and also assist.
>
> THE COURT: Do you think as a Probation Officer that there is a reasonable likelihood that that minor will be able to make restitution *prior to his 18th birthday?* That's the test."

Later in the hearing, the judge stated to the minor:

> "The reason I'm taking time to explain is, I am faced with a difficult situation. If I was dealing with you *as a person,* then I would have no hesitancy in keep-

---

**2.** Juvenile Rule 14(c) provides in relevant part:

"In deciding whether the jurisdiction of the juvenile court should be waived and the child transferred for criminal prosecution, the court shall consider the following factors:

(1) the seriousness of the alleged offense and whether it was committed in an aggressive, violent, premeditated or willful manner;

(2) whether the alleged offense was against person or against property, and whether personal injury resulted;

(3) The sophistication and maturity of the child as determined by consideration of the child's age, intelligence, education, environment, emotional attitude and pattern of living;

(4) the child's physical, mental and emotional condition;

(5) the record and previous history of the child, including previous contacts with juvenile courts and law enforcement agencies in this and other jurisdictions, prior periods of probation in any court and their results, and any prior commitments to juvenile residential placements and secure institutions;

(6) whether the child has previously been transferred for criminal prosecution in this or any other state;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court; and

(8) any other factors which appear to be relevant to the determination of the transfer issue."

**38**

ing you in Juvenile Court System, but when I'm also faced with having to view the publics [sic] interest in a case like this an interest of restitution, then I have to look beyond you and see how that's basically going to be effected.

If we were talking about a case here of $500 or $1,000 there would be no hesitancy to keep you here, *but with this kind of restitution I almost feel I may be compelled to transfer."*

(emphases added)

It should be noted that while the cross-petitioner is no longer subject to the jurisdiction of the juvenile court, he is not beyond the purview of the criminal justice system. In *McBeth v. Rose*, 111 Ariz. 399, 531 P.2d 156 (1975), we held that where minors commit offenses and are thereby subject to delinquency petitions, the mere fact that the juvenile court dismisses the petition for lack of jurisdiction because the minor becomes eighteen does not bar a subsequent criminal prosecution as an adult on the same charges provided no adjudication on the merits has transpired. Accordingly, even though the juvenile court lost jurisdiction of the juvenile on December 18, 1985, the state may refile the charges in adult court since no determination was ever made whether the juvenile committed the acts alleged.

The Court of Appeals' vacation of the transfer order is approved, but in all other respects the Court of Appeals opinion is vacated.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.