762 P.2d 643

**In the Matter of the APPEAL IN YAVAPAI COUNTY JUVENILE ACTION NO. J–9403.**

**No. 1 CA–JV 88–001.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 29, 1988.

John C. Williams, Prescott, for appellant.

Robert K. Corbin, Atty. Gen. by Laurie A. Woodall, Asst. Atty. Gen., Phoenix, and Charles R. Hastings, Yavapai Co. Atty. by Ethan A. Wolfinger, Prescott, for appellee.

OPINION

GRANT, Chief Judge.

This is an appeal from a decision of the juvenile court finding that the juvenile was delinquent for having violated A.R.S. § 4–244(9) (Supp.1987), which prohibits a minor from consuming alcohol. The court, among other things, ordered that the appellant's driver's license be suspended for a period of two years pursuant to A.R.S. § 8–249(A) (Supp.1987). This statute authorizes the court to order the suspension of a juvenile's driver's license if the court finds that the juvenile has operated a motor vehicle while violating the statute proscribing consumption of alcohol by a minor.

At 4:00 a.m. on a summer morning in 1987, two Chino Valley police officers observed the seventeen-year-old appellant making a series of abrupt lane changes. When the officers stopped appellant, they

smelled alcohol on his breath. Both officers testified that appellant exhibited no signs of intoxication. The officer who administered the field sobriety tests to appellant testified that he passed the tests.

Because appellant was a minor with the smell of alcohol on his breath, the officers arrested him pursuant to A.R.S. § 4–244(9) for consuming alcohol. A search of appellant's automobile revealed no evidence of alcohol. The officers directed appellant to drive his car to the police station. There, appellant requested an intoxilyzer test. The test indicated that his blood alcohol content was .043, well below the level at which a driver may be deemed to be under the influence of alcohol. (Arizona Revised Statutes § 28–692(E)(1) (Supp.1987) provides that if a person has a blood alcohol level of less than 0.05, he is presumed *not* to be under the influence of intoxicating liquor.)

At the adjudication hearing, appellant admitted that he had drunk two beers the evening before his arrest. The trial court found appellant in violation of A.R.S. § 4–244(9) for having consumed alcohol and ordered his license suspended for two years pursuant to A.R.S. § 8–249.

## ISSUES

1. Constitutionality of A.R.S. § 4–244(9)

█ Appellant appeals on two grounds. First, he urges that A.R.S. § 4–244(9) is unconstitutional in that it has the potential, as this case demonstrates, of impermissibly extending the juvenile court's jurisdiction over a minor beyond his eighteenth birthday. We agree that such an extension of jurisdiction is impermissible. We need not, however, invalidate the entire statute.

In *In re Juvenile Action No. J–70107–2,* 149 Ariz. 35, 716 P.2d 404 (1986), the Supreme Court of Arizona held that the jurisdiction of the juvenile court ends when a juvenile reaches the age of eighteen. The court explained that any statute which attempts to extend the jurisdiction of the juvenile court to persons above that age is unconstitutional because it results in a clas-

sification that discriminates between adults. *Id.* at 36, 716 P.2d at 405.

Arizona Revised Statutes § 8–249(A), in relevant part, provides as follows:

> [I]f the court finds that a child has operated a motor vehicle in the course of violating § 4–244, paragraph 9 or has violated § 28–692, the court shall require the surrender to the court of any operator's license of the child and shall order the department to suspend the license for a period of two years.

Standing alone, this provision would violate the rule in *Juvenile Action No. J–70107–2* because the juvenile court's order would be operative beyond the eighteenth birthday of a person who was found to have violated the statute less than two years before turning eighteen. However, we cannot construe subsection A in isolation. See *In re Juvenile Action No. JS–5894,* 145 Ariz. 405, 410, 701 P.2d 1213, 1218 (App.1985). In pertinent part, subsection E of the same statute provides as follows:

> If the court orders a license suspended or directs the department not to issue a license *until the child attains the age of eighteen years pursuant to subsection A,* C or D of this section, the court shall forward the order and the license, if any, to the department of transportation.

(Emphasis added.)

The phrase "until the child attains the age of eighteen" indicates that the legislature intended for the juvenile court's jurisdiction to end when a defendant attained the age of eighteen. The statute lacks precision and clarity. However, as we read it, the statute does not allow the juvenile court to suspend a license or to prohibit the issuance of a license beyond a person's eighteenth birthday. Therefore, it is not unconstitutional. On the basis of our interpretation of the statute, we find that the juvenile court was without authority to order appellant's license suspended beyond his eighteenth birthday.

2. Application of A.R.S. § 4–244(9) to this Case.

█ The appellant's second argument is that the trial court erred in applying A.R.S.

§ 8–249(A) on the ground that he had operated a motor vehicle while in the course of violating A.R.S. § 4–244(9). Arizona Revised Statutes § 4–244(9) makes it illegal for a juvenile to purchase, receive, possess or consume liquor. In relevant part, A.R.S. § 8–249(A) requires the court to suspend a juvenile's license for two years when it finds that a juvenile's purchase, receipt, possession or consumption of alcohol coincided with his operation of a motor vehicle.

In the present case, the appellant admitted having drunk two beers in the evening before his arrest. However, there was no evidence presented that his drinking coincided with his operation of the motor vehicle, and he was not intoxicated. Furthermore, no evidence that he had purchased, received or possessed alcohol while driving was presented.

■ The state contends that the legislature intended A.R.S. § 8–249(A) to deter juveniles from consuming *any* amount of alcohol and operating a motor vehicle. It urges this court to enforce the statute in conformance with that intent. Statutes should be interpreted according to the fair meaning of their terms and in furtherance of the policies underlying the law. *See State v. Tramble*, 144 Ariz. 48, 51, 695 P.2d 737, 740 (1985). It is undisputed that the policy underlying the statute is to deter juveniles from drinking and driving. However, that does not appear to be what occurred in this case.

■ Section 8–249(A) also requires the court to suspend a juvenile's license for violating A.R.S. § 28–692 (Supp.1987), the driving under the influence statute. If the legislature intended to suspend the license of a juvenile who drove with a blood alcohol level lower than that at which a person is presumed to be under the influence of alcohol by the DUI statute, the provision that directs the juvenile court to suspend the license of anyone in violation of the DUI statute would be superfluous. A statute should not be interpreted in a manner that renders any of its provisions unnecessary. *See United States v. Mehrmanesh*, 689 F.2d 822, 829 (9th Cir.1982). The fact that § 8–249(A) mandates that a juvenile's license be suspended for violating the DUI

statute suggests that the legislature did not intend to make driving unintoxicated but with minute amounts of alcohol in the body grounds for suspending a juvenile's driver's license.

Where penal sanctions are involved, fair warning that one's actions are punishable is required. *Franzi v. Superior Court*, 139 Ariz. 556, 562, 679 P.2d 1043, 1049 (1984). Consequently, if the legislature wants to suspend the license of a juvenile for having *any* alcohol in his or her blood while operating a motor vehicle, it must specifically say so. Even if we assume that the legislature intended to punish appellant's conduct, suspending his license would violate due process because the statute failed to give him fair warning that such conduct was prohibited.

The order of the juvenile court revoking the juvenile's license to drive an automobile is vacated.

SHELLEY, P.J., and
KLEINSCHMIDT, J., concur.