792 P.2d 293

**Mark Jeffrey NOVAK,
Plaintiff–Appellee,**

v.

**STATE of Arizona; Arizona Department
of Transportation,
Defendants–Appellants.**

No. 1 CA–CV 89–154.

Court of Appeals of Arizona,
Division 1, Department E.

May 15, 1990.

As Amended June 8, 1990.

1. Unless otherwise noted, all references to A.R.S. § 28–452 are to the version effective from August 18, 1987 (*see* Laws 1987, ch. 142, § 2) through December 31, 1988 (*see* Laws 1987, ch. 148, §§ 40, 64).

2. Subsection (D) provided:

    A peace officer who has arrested a person for the commission of an offense for which, on conviction, suspension of any license or privi-

Bruce Demaree, P.C. by George Crough, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by William S. Jameson, Jr., Asst. Atty. Gen., Phoenix, for defendants-appellants.

OPINION

EUBANK, Presiding Judge.

The State of Arizona, through its Department of Transportation, appeals from the trial court's reversal of a Department order suspending appellee Mark Jeffrey Novak's driver's license for six months pursuant to A.R.S. § 28–452(A) and (E).[1] The sole issue is whether a person under the legal drinking age who uses the valid driver's or identification license of a person who is over the legal drinking age to obtain an alcoholic beverage is subject to mandatory suspension of his own driver's license pursuant to A.R.S. § 28–452. We hold that he is and reverse.

The pertinent facts are undisputed. Novak was born on May 16, 1968. On May 20, 1988, Sergeant Perkins and other investigators of the Arizona State Liquor Department were at a Beach Boys concert in Gilbert, Arizona. They were looking for underage persons possessing or consuming alcohol. Perkins saw Novak and a friend drinking beer from plastic cups while they were walking away from a lighted beer concession stand. On Perkins' inquiry, Novak produced a valid Arizona identification card issued to one Matt T. Draper. Draper's identification card showed August 11, 1965 as the date of birth. Novak admitted he had exhibited Draper's identification card at the concession stand for the purpose of buying beer.

Pursuant to A.R.S. § 28–452(D),[2] Sergeant Perkins filed an affidavit with the

lege to operate a motor vehicle is required by subsection A or B of this section shall file an affidavit with the department. The affidavit shall be made on a form furnished or in a manner prescribed by the department and shall include the name, date of birth, social security number and address of the person arrested, the number, if any, of the person's driver's and identification license, the nature of the offense and the date of the offense and

Department of Transportation indicating that Novak had used Draper's Arizona identification card to obtain beer. Thereafter, the Department issued an order pursuant to A.R.S. § 28–452(E)[3] suspending Novak's own driver's license for six months effective July 3, 1988. Novak requested a hearing before the Department pursuant to A.R.S. § 28–452(G).

A hearing was conducted before a hearing officer on August 26, 1988. The hearing officer rejected Novak's argument that A.R.S. § 28–452(A)[4] does not authorize suspension of the driver's license of a person under the legal drinking age who obtains an alcoholic beverage using the properly issued driver's or identification license of another.

After exhausting his administrative remedies, Novak filed this administrative review action. See A.R.S. § 12–905(A). After briefing and argument, the trial court reversed the Department's order suspending Novak's driver's license. The trial court reasoned that A.R.S. § 28–452(A) contemplated the suspension of a person's driver's license only if he used his own license, not that of another person. The trial court stated in part:

> The word "any" in "who is convicted of using 'any' such license" would indicate that the driver should be *using* his own driver's and identification license issued to him. It does not clearly indicate the use of another person's license. At the very least the section is subject to two interpretations—his own or that of another.
>
>  . . . .

Failure to clearly describe the prohibited conduct is a violation of due process.

The legislature included the words "identification of another person" in Sect. 4–241(E), ARS, to describe the crime and could have and should include those words in Sect. 28–452(A) as it did in Subsection (B) of ARS, Sect. 28–452, if it was the legislative intent to direct the suspension of the minor's driver's license.

It would also appear that the failure to have the words "license of another" in Subsection (A) when they were in Subsection (B) indicates that this was not the legislative intent.

The trial court entered a formal order in accordance with its ruling, and the Department timely appealed.

The Department argues that the trial court interpreted A.R.S. § 28–452(A) incorrectly. The Department asserts that the words of the statute are plain and unambiguous, and that "using any such license" means using any driver's and identification license, whether or not issued to the person who used it illegally to obtain an alcoholic beverage. The Department also argues:

> A.R.S. § 28–452(B) requires suspension of one's right to apply for [a] license if, not having a license, one is "convicted of using the . . . license of another." It would make no sense for the legislature to require suspension of the right to apply for a license, but not require suspension of a license already issued, under the same circumstances.

The Department urges that the provisions of A.R.S. § 4–241(C) and (E) support this interpretation.

shall state the officer's reasonable grounds to believe the person had committed the offense. If made, the officer shall file the affidavit with the department within fifteen days after the date the offense was committed.

**3.** Subsection E provided in pertinent part:

The department, on the receipt of an affidavit, certified and subject to the penalty for perjury as prescribed by § 28–1062, that there are reasonable grounds to believe the arrested person has committed an offense for which, on conviction, suspension of the driver's or identification license and privilege to operate a motor vehicle or privilege to obtain such a

license is required by subsection A or B of this section, shall suspend any driver's and identification license issued to the person, the privilege to obtain such documents and the privilege to operate a motor vehicle on any highway of this state. The suspension period shall not be less than:
 1. Six months for a first offense.

**4.** A.R.S. § 28–452(A) provided in pertinent part:
 A. The department shall promptly suspend any driver's and identification license issued to any person under the legal drinking age who is convicted of using any such license in violation of § 4–241, subsection C or E. . . .

Novak argues that A.R.S. § 28–452(A) is inherently ambiguous and may reasonably be read two different ways. He argues that the word "such" in § 28–452(A) indicates that only the license that was misused is to be suspended. Novak urges that "the state's broad penal reading of [A.R.S. § 28–452(A)] be rejected in favor of a strict interpretation that gives the natural grammatical reading to the word 'such'." In addition, Novak cites *Yavapai County Juvenile Action No. J–9403*, 158 Ariz. 356, 762 P.2d 643 (App.1988), for the proposition that penal sanctions cannot be imposed consistent with due process under the provisions of an ambiguous statute.

■ We agree that the critical language of A.R.S. § 28–452(A) can, with considerable mental strain, be read in two different ways. However, we are required to construe statutes liberally to effect their objects and promote justice. A.R.S. § 1–211(B); *Walter O. Boswell Memorial Hospital, Inc. v. Yavapai County*, 148 Ariz. 385, 714 P.2d 878 (App.1986). We find that a careful reading of § 28–452(A) in the light of its historical development, and the language and history of statutes *in pari materia*, demonstrates that the interpretation urged by Novak is simply wrong.

As originally enacted by Laws 1982, ch. 329, § 16, A.R.S. § 28–452(A) provided:

The department shall promptly suspend the operator's, chauffeur's or identification license of any person under the age of nineteen who is convicted of the false or *fraudulent use of an operator's, chauffeur's or identification license which is not his own* or who otherwise uses his valid operator's, chauffeur's or identification license *with the intent to induce a liquor licensee or employee* under title 4, chapter 2, article 1 *to sell, give, serve or furnish spirituous liquor in violation of § 4–241, subsection C....*

(Emphasis added.) As amended at the same time by Laws 1982, ch. 329, § 12, A.R.S. § 4–241(C) provided:

*A person under nineteen years of age who offers or presents to a licensee, employee or other person a fraudulent or false certificate of birth or other written evidence of age which is not actually his own, or who otherwise misrepresents his age, with the intent to induce the licensee or employee to sell, give, serve or furnish spirituous liquor contrary to law is guilty of a class 1 misdemeanor.* A person under nineteen years of age who uses a fraudulent or false operator's, chauffeur's or identification license which is not actually his own or otherwise uses his valid operator's, chauffeur's or identification license in violation of this section with the intent to induce the licensee or employee to sell, give, serve or furnish spirituous liquor in violation of this subsection or gain entrance to a licensed establishment is subject to suspension or revocation of his operator's, chauffeur's or identification license as provided in section 28–452. A person found to be in violation of this subsection who does not have a valid operator's, chauffeur's or identification license has his right to apply for an operator's, chauffeur's or identification license suspended or revoked as provided by section 28–452.

(Emphasis added.)[5] The 1982 text of § 28–452(A) made it clear that an underage person would render himself liable to suspension of his driver's license by fraudulently using a driver's license that was not his own to obtain an alcoholic beverage in violation of A.R.S. § 4–241(C). Further, although the 1982 version of A.R.S. § 4–241(C) was not free of ambiguity as amended, the same conduct would also have constituted a violation of the operative first sentence of that statute. Accordingly, under the statutory scheme as it was originally enacted, there would have been little question that Novak would have lost on the facts of this case.

In 1986, however, the legislature substantially restructured both statutes. By Laws 1986, ch. 332, § 36 and Laws 1986,

---

**5.** The emphasized portion was substantially the text of subsection C before the 1982 amendment. The amendment added the remainder of the quoted language.

ch. 350, § 5, the legislature recast A.R.S. § 28–452(A) as follows:

> The department shall promptly suspend the operator's, chauffeur's or identification license of any person under the legal drinking age who is convicted of *using such license* in violation of § 4–241, subsection C or E....

(Emphasis added.) At the same time, Laws 1986, ch. 332, § 21 deleted the 1982 version of A.R.S. § 4–241(C) and adopted the following subsections in its place:

> C. A person under the legal drinking age who misrepresents his age to any person by means of a written instrument of identification with the intent to induce a person to sell, serve, give or furnish spirituous liquor contrary to law is guilty of a class 1 misdemeanor.
>
> D. A person under the legal drinking age who solicits another person to purchase, sell, give, serve or furnish spirituous liquor contrary to law is guilty of a class 3 misdemeanor.
>
> E. A person under the legal drinking age who uses a fraudulent or false written instrument of identification or identification of another person or uses a valid license or identification of another person to gain access to a licensed establishment is guilty of a class 1 misdemeanor.
>
> F. A person who uses an operator's, chauffeur's or identification license in violation of subsection C or E of this section is subject to suspension of the operator's, chauffeur's or identification license as provided in § 28–452. A person who does not have a valid operator's, chauffeur's or identification license and who uses an operator's, chauffeur's or identification license of another in violation of subsection C or E of this section has his right to apply for an operator's, chauffeur's or identification license suspended as provided by § 28–452.

A.R.S. § 4–241(C) through (F) have remained in effect without further amendment since their adoption in 1986.

These amendments made several substantive changes. New A.R.S. § 4–241(C) made it clear that an underage person who used another person's driver's license to misrepresent his age to obtain an alcoholic beverage would be guilty of a class one misdemeanor. Under new § 4–241(F) and § 28–452(A) as amended, however, it became clear at the same time that an underage person could now suffer the suspension of his driver's license only by illegally using his own license. New § 4–241(F) suggested this change by providing that "[a] person who uses an operator's ... license in violation of subsection C or E ... is subject to suspension of *the* operator's ... license as provided in § 28–452." (Emphasis added.) Amended § 28–452(A) stated it expressly in plain English: "The department shall promptly suspend the operator's ... license of any person ... convicted of *using such license* in violation of § 4–241, subsection C or E...." (Emphasis added.)

The final enactment to become effective before the instant case arose made one more significant change. Laws 1987, ch. 142, § 2, amended § 28–452(A) in pertinent part as follows:

> A. The department shall promptly suspend ~~the operator's, chauffeur's or~~ ANY DRIVER'S AND identification license ~~of~~ ISSUED TO any person under the legal drinking age who is convicted of using ANY such license in violation of section 4–241, subsection C or E....

(Additions indicated by capitalization; deletions by strikeouts.) As we noted above, § 28–452(A) had previously provided that the Department was to suspend the driver's license of any underage person convicted of "using such license" in violation of A.R.S. § 4–241(C) or (E). In 1987, the legislature purposely inserted the lone word "any" into the phrase "using such license." Thus, as amended, the statute now required the Department to suspend the driver's license of any underage person convicted of "using any such license" in violation of A.R.S. § 4–241(C) or (E).

Three distinct reasons lead us to conclude that the legislature thereby intended to broaden the scope of § 28–452(A) to encompass conduct like Novak's in this case. First, the legislature is presumed to intend to change existing law when it

changes the language of a statute. *Brousseau v. Fitzgerald*, 138 Ariz. 453, 675 P.2d 713 (1984); *Beach v. Superior Court*, 64 Ariz. 375, 173 P.2d 79 (1946). Second, whenever possible we must interpret a statute so that "no ... word is rendered superfluous, void, contradictory, or insignificant." *Prairie State Bank v. Internal Revenue Service*, 155 Ariz. 219, 224, 745 P.2d 966, 971 (App.1987). *Accord Weitekamp v. Fireman's Fund Ins. Co.*, 147 Ariz. 274, 709 P.2d 908 (App.1985). Third, the legislature's insertion of the word "any" into § 28–452(A) affirmatively changed the objective meaning of the statute's language. In the pre–1987 version, the phrase "using such license" obviously referred to the underage person's own license. In the amended statute, however, the phrase "using any such license" now just as obviously referred to driver's and identification licenses as a category or class. Accordingly, as amended in 1987, § 28–452(A) required the Department to suspend the driver's and identification license of any underage person convicted of using any driver's and identification license, whether his own or someone else's, in violation of A.R.S. § 4–241(C) or (E). As we noted before, it was already clear that an underage person who used another person's driver's license to misrepresent his age for the purpose of obtaining an alcoholic beverage would thereby violate new A.R.S. § 4–241(C) (as adopted in 1986).

The substance and timing of two subsequent amendments to § 28–452(A) support our interpretation. As we noted, the amendment made by Laws 1987, ch. 142, § 2 became effective on August 18, 1987. Later on in the same session the legislature made some different amendments to the 1986 version of § 28–452, to become effective "from and after December 31, 1988." Laws 1987, ch. 148, §§ 40, 64. As amended effective January 1, 1989, § 28–452(A) now provided:

> The department shall promptly suspend the driver's or identification license of any person under the legal drinking age who is convicted of using such license in violation of § 4–241, subsection C or E....

Unlike the 1987 version effective when this litigation arose, the new version retained the phrase "using such license" originally adopted in 1986. In Laws 1989, ch. 220, §§ 43 and 44, however, the legislature further amended the statute to read:

> A. The department shall promptly suspend ~~the~~ ANY driver's ~~or~~ AND identification license ~~of~~ ISSUED TO any person under the legal drinking age who is convicted of using ANY such license in violation of § 4–241, subsection C or E.

. . . . .

This series of enactments suggests that in 1987 the legislature inadvertently adopted two competing versions of § 28–452, one reflecting the narrow meaning entailed by the phrase "using such license," and the other embodying the broader meaning carried by "using any such license." The legislature evidently realized later what it had done, and in 1989 acted affirmatively to select the broader meaning over the narrower one.

We disagree with the trial court's conclusion that the wording of A.R.S. § 28–452(B) supports the narrow interpretation of A.R.S. § 28–452(A). Subsection B requires the Department to suspend an otherwise qualified person's *right to apply for a driver's license* if he is convicted of "using a driver's or identification license of another in violation of § 4–241, subsection C or E...." By its terms subsection B applies only when the person in question has no valid driver's or identification license, and its reference to "a driver's license or identification license of another" is appropriate for expressing the legislature's meaning within that context. In subsection A, however, the phrase "license of another" would have been superfluous given the legislature's use of the equally clear language "using *any* such license." Accordingly, contrary to the trial court's reasoning, the absence of the phrase "license of another" from subsection A is not significant.

We agree instead with the Department's view of A.R.S. § 28–452(B). Under subsection B an underage person who has no valid driver's or identification license suf-

fers the suspension of his right to apply for such a license if he is convicted of illegally "using a ... license of another ..." to obtain an alcoholic beverage. If another underage person who already happens to have a valid driver's license engages in exactly the same conduct, that person should logically be subject to suspension of his license under A.R.S. § 28–452(A). As we have held, that is in fact the meaning and effect of subsection A.

We cannot agree with appellee that *Yavapai County Juvenile Action No. J–9403*, 158 Ariz. 356, 762 P.2d 643 (App.1988), requires us to choose and apply the narrower interpretation of § 28–452(A) on due process grounds. In that case the seventeen-year-old juvenile was stopped by police officers after making a series of abrupt lane changes. He had the smell of alcohol on his breath, and the officer arrested him for consuming alcohol in violation of A.R.S. § 4–244(9). That statute provides in part:

It is unlawful:

....

9. ... for a person under the legal drinking age to buy, receive, have in possession or consume, spirituous liquor.

The juvenile's blood-alcohol content was later determined to be .043.

At the adjudication hearing, the juvenile admitted he had drunk two beers that evening before his arrest. The juvenile court found him in violation of A.R.S. § 4–244(9) for having consumed alcohol. It ordered his license suspended for two years pursuant to A.R.S. § 8–249, which provides:

[I]f the court finds that a child has operated a motor vehicle in the course of violating § 4–244, paragraph 9 or has violated § 28–692, the court shall require the surrender to the court of any operator's license of the child and shall order the department to suspend the license for a period of two years.

On appeal, this court held that the trial court had erred in suspending the juvenile's license. We stated:

The fact that § 8–249(A) mandates that a juvenile's license be suspended for violating the DUI statute [A.R.S. § 28–692] suggests that the legislature did not intend to make driving unintoxicated but with minute amounts of alcohol in the body grounds for suspending a juvenile's driver's license.

Where penal sanctions are involved, fair warning that one's actions are punishable is required. *Franzi v. Superior Court*, 139 Ariz. 556, 562, 679 P.2d 1043, 1049 (1984). Consequently, if the legislature wants to suspend the license of a juvenile for having *any* alcohol in his or her blood while operating a motor vehicle, it must specifically say so. Even if we assume that the legislature intended to punish appellant's conduct, suspending his license would violate due process because the statute failed to give him fair warning that such conduct was prohibited.

158 Ariz. at 358, 762 P.2d at 645.

In *J–9403*, the court found in essence that a statute expressly requiring the suspension of a juvenile's driver's license for operating a motor vehicle while possessing or consuming liquor did not provide fair notice that his license would also be suspended if he operated a motor vehicle with a blood-alcohol level at which he was statutorily presumed *not* to be under the influence. *See* A.R.S. § 28–692(E)(1). The state's interpretation of the statute at issue in *J–9403* clearly stretched its language so far that it failed to give fair notice that the charged conduct would be penalized. The same cannot be said of our interpretation of A.R.S. § 28–452(A). The plain English meaning of that statute, considered with statutes *in pari materia* and in its historical context, gives fair warning that using the driver's license of another to misrepresent one's age for the purpose of buying an alcoholic beverage will result in the suspension of one's own driver's license.

We reverse with directions to reinstate the Department's suspension order.

SHELLEY and VOSS, JJ., concur.