831 P.2d 871

**In the Matter of 1986 CHEVROLET CORVETTE, LICENSE: NONE, VIN: 1G1Y678XG5909647, SEIZED IN M.A.N.T.I.S. CASE 9105079501.**

No. 2 CA–CV 91–0233.

Court of Appeals of Arizona,
Division 2, Department B.

March 31, 1992.

Review Granted June 30, 1992.

Stephen D. Neely, Pima County Atty. by Christopher J. Roads, Tucson, for plaintiff/appellant.

Harley Kurlander, Tucson, for claimant/appellee.

## OPINION

HATHAWAY, Judge.

This case involves a civil forfeiture of a 1986 Chevrolet Corvette pursuant to the provisions of A.R.S. §§ 13–2314(F)(3), 13–3413(A)(3), and 13–4301, et seq. The state appeals from the trial court's ruling in favor of the claimant.

## STATEMENT OF FACTS

The uncontroverted facts are as follows. Claimant/appellee was arrested on December 5, 1990, in Las Cruces, New Mexico, while hauling a 400–pound load of marijuana in a van. He was charged with the crime of transportation of marijuana for sale and released on bail. Claimant alleges that an individual hereafter referred to as principal, was the source of the confiscated marijuana.

On January 19, 1991, claimant purchased the 1986 Chevrolet Corvette (the vehicle), which is the subject of this action, from a car dealership in Scottsdale, Arizona. Claimant asserts that principal now blames him for the loss of the 400 pounds of marijuana, for establishing a relationship with principal's former girlfriend, and for an alleged burglary of the principal's residence in March 1991. Claimant also asserts that principal gave him an ultimatum either to pay principal $18,000 or to give principal the vehicle in order to help make good the losses principal had suffered. Claimant maintains that under pressure of these threats, he turned over the vehicle to principal on April 12, 1991. He asserts that the understanding between principal and himself was that claimant had until June 12, 1991, to provide principal with the $18,000 or claimant would lose the vehicle. Claimant executed (1) a signed and witnessed bill of sale dated April 12, 1991, transferring the vehicle to principal; and, (2) a promissory note for the sum of $18,000 to principal as promisee, specifying that claimant pledged the vehicle to serve as security for the debt owed.

On April 17, 1991, claimant contacted the Pima County Sheriff's Department for help in recovering the vehicle from principal. The purpose for which claimant contacted the officers was to have them seize the vehicle from principal so that claimant could then recover it. He communicated his allegations regarding principal to the responding officer. On May 7, 1991, a Metropolitan Area Narcotics Trafficking Interdiction Squad (MANTIS) detective interviewed claimant, who repeated his allegations. Later that day, MANTIS officers

seized the vehicle from the storage building where principal was keeping it.

## PROCEDURAL HISTORY

On May 22, 1991, the state, pursuant to § 13–4309(1), served notice of seizure for forfeiture and notice of uncontested forfeiture of the vehicle on both claimant and principal as "person(s) known to have an interest" in it under A.R.S. § 13–4301(4). Claimant timely filed both a claim pursuant to A.R.S. § 13–4311(D), asserting that the vehicle was not subject to forfeiture, and a request for an order to show cause on whether probable cause to forfeit exists pursuant to A.R.S. § 13–4310(B). The principal did not file a claim. On June 12, 1991, the trial court held a show cause hearing solely to determine whether probable cause for forfeiture of the vehicle then existed. Following the hearing, the trial court issued a minute entry containing an express finding that the state had probable cause to seize the vehicle from principal.

The state then filed a complaint on July 5, 1991, alleging that the vehicle is forfeit to the state because it was used or intended to be used to facilitate the crimes of transportation of marijuana for sale and conspiracy to transport marijuana for sale which occurred between November 1, 1990, and April 30, 1991. A judicial in rem forfeiture proceeding took place on August 5, 1991, before a trial judge different from the one who presided over the June 12, 1991, show cause hearing. By stipulation of the parties, the proceeding was based primarily on the transcript and exhibits from the show cause hearing and on claimant's testimony. The state argued at trial that claimant did not meet the requirements of an "owner" as set out in A.R.S. § 13–4301(3), and so lacked standing to contest forfeiture under A.R.S. § 13–4310(D) and § 13–4304(3).

The trial court ruled in favor of claimant. In its minute entry, the trial court found that: (1) the state had not met its burden of showing the existence of probable cause for the forfeiture; and, (2) claimant is an owner under A.R.S. § 13–4301(3) in that he has an equitable interest in the car even though the state had not issued a certificate of title to him at the time of the seizure. Based on its findings, the trial court directed the state to release the vehicle to claimant. Judgment was entered in accordance with this minute entry on October 10, 1991.

The state now appeals from the trial court's ruling. Following the state's filing of a notice of appeal, the trial court issued a stay of its order and judgment pending this court's decision on appeal. We find that probable cause was established and reverse.

## DISCUSSION

The state contends that, by ruling that the state lacked probable cause to seize the vehicle for forfeiture, the trial court misinterpreted the relevant law and incorrectly applied that law to the facts of this case.

After the state has seized property, the attorney for the state must determine whether it is probable that the property is subject to forfeiture and, if so, initiate proceedings against the property. A.R.S. § 13–4308. An owner or holder of an interest in the seized property may then contest forfeiture by filing a claim against the property for a hearing to adjudicate the validity of his or her claimed interest. A.R.S. § 13–4311(D). At the resulting judicial forfeiture proceeding, the state has the initial burden of showing the existence of probable cause for forfeiture of the property. A.R.S. § 13–4311(K). Once the state has met its burden, the owner or interest holder must show by a preponderance of the evidence that his or her interest in the property is not subject to forfeiture. Id. To defeat forfeiture, the owner or interest holder must show that the seized property falls under an exemption as set out in A.R.S. § 13–4304.

Here, the state's legal basis for forfeiture of the vehicle rests on relevant provisions of the Drug Offense Act, A.R.S. §§ 13–3401, et seq., the Organized Crime and Fraud Act, A.R.S. §§ 13–2301, et seq., and the Forfeiture Act, A.R.S. §§ 13–4301, et seq. The state cites A.R.S. § 13–

3413(A)(3) which authorizes forfeiture, pursuant to the provisions of the Forfeiture Act, of "[v]ehicles to transport or in any manner facilitate the transportation, sale or receipt of, ... any ... drug, ..." The state also cites A.R.S. § 13–2314(F)(3), which provides for forfeiture, pursuant to the Forfeiture Act, of:

[a]ll proceeds traceable to an offense included in the definition of racketeering in § 13–2301, subsection D, paragraph 4 and all ... property and other things of value used or intended to be used in any manner or part to facilitate the commission of the offense.

The state's complaint alleges that the vehicle was used or intended to be used to facilitate transportation of marijuana and conspiracy to transport marijuana for sale, both offenses that meet the required definition of racketeering.

Although the earlier show cause hearing resulted in a finding that the state had probable cause for forfeiture of the vehicle, the judge presiding over the judicial forfeiture proceedings found that the state lacked probable cause under § 13–3413(A)(3) and § 13–2314(F)(3), and so had not met its burden. The trial court gave two reasons for its determination that probable cause was lacking. First, the trial court looked to the definition of "facilitate" "in *Webster's New World Dictionary* (Second College Edition) as 'to make easy or easier'," and to the definition of "facilitation" contained in A.R.S. § 13–1004 ("provides ... with a means or opportunity for commission of the offense....") It found "[t]here was absolutely no evidence before the Court that the Corvette in this case was used to *make easy* or to *provide any means or opportunity* for the commission of the alleged drug offenses in December, 1990." (Emphasis added.) Second, the trial court applied the standard that there must be a substantial connection between the property sought to be forfeited and the offense, citing *United States v. One Parcel of Real Estate*, 903 F.2d 490 (7th Cir.1990), cert. denied —— U.S. ——, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991). Applying this standard to the facts of this case, the trial court found that because

claimant did not own the vehicle in December, "[T]he State cannot connect use of this car with any of the events which occurred in December, 1990." The trial court concluded there was only an incidental connection between the car and the transaction in December, 1990.

■ Deciding this issue requires us to interpret the facilitation clauses of § 13–3413(A)(3) and § 13–2314(F)(3), and to determine whether they contain a substantial connection requirement. This is a question of law, to be reviewed de novo on appeal. *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966).

■ In matters of statutory construction, we are guided by the following principles. We must give effect to a statute's unambiguous meaning. *Wasserman v. Low*, 143 Ariz. 4, 691 P.2d 716 (App.1984). The provisions of a statute must be read and construed in the context of related provisions and in light of their place in the statutory scheme. *Grant v. Board of Regents of the Universities and State Colleges of Arizona*, 133 Ariz. 527, 652 P.2d 1374 (1982). Moreover, this court is required to construe the provisions of Title 13 liberally to effect their objects and promote justice. *Novak v. State*, 164 Ariz. 223, 792 P.2d 293 (App.1990); A.R.S. § 13–104.

■ We are cited no Arizona case and have found none that resolves this question. However, we find persuasive precedent among the federal cases, including *United States v. One Parcel of Real Estate, supra*, that construe the facilitation clauses of analogous federal forfeiture provisions under the Controlled Substances Act of 1970, 21 U.S.C. §§ 801–970, as amended.

*United States v. One Parcel of Real Estate, supra*, the case cited by the trial court in its minute entry, required the Seventh Circuit to determine whether the state must show a substantial connection between the property in question and the underlying drug offense in order to justify forfeiture under 21 U.S.C. § 881(a)(7) of the Controlled Substances Act of 1970, which provides that:

[a]ll real property ... which is used, or intended to be used, *in any manner or part*, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment. . . .

(Emphasis added.) However, the Seventh Circuit reached a conclusion opposite to the one for which the trial court cites the case, declining to read a substantial connection requirement into the facilitation clause. Rather, it held that:

[a] "substantial connection" is not required between the property and the related drug offense. . . . Instead, the government must only demonstrate that the nexus is more than incidental or fortuitous.

903 F.2d at 494.

In reaching its conclusion, the Court went first to the language of 21 U.S.C. § 881(a)(7). Following the principle that the court "will look beyond the express language of a statute only where that statutory language is ambiguous or where a literal interpretation would lead to an absurd result or thwart the purpose of the overall statutory scheme," it found that the relevant language was clear, straight forward, and unambiguous. 903 F.2d at 492. It concluded that the:

direct approach ... demanded by the plain wording of the statute itself, is to affirm forfeiture of any real estate that is used *in any manner or part* to commit or facilitate the commission of a drug related offense.

903 F.2d at 494. (Emphasis in original.) It reasoned that 21 U.S.C. § 881(a)(7)

grants wide powers to the executive branch for the limited purpose of combating the flow of illegal drugs. Grafting an implied "substantial connection" test on to the plain language of this statute would not avoid ambiguity or the frustration of the Congressional scheme, but promote them.

903 F.2d at 493.

The court also reviewed the decisions of the other circuits regarding use of a substantial connection test when applying the facilitation clauses of the forfeiture provisions contained in 21 U.S.C. § 881. Its review reveals division among the circuits, with a trend toward rejecting such a requirement. Several circuits have declined to require a substantial connection for forfeiture under § 881(a)(4), the section related to the forfeiture of vehicles. See *United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725 (5th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983), and *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421 (2d Cir.1977). The Ninth Circuit has refused to impose a substantial connection test when applying § 881(a)(6), related to forfeiture of currency. See *United States v. $5,644,540.00 in U.S. Currency*, 799 F.2d 1357 (9th Cir.1986). However, the Fourth Circuit has used the test when applying § 881(a)(7), related to forfeiture of real property, (see *United States v. Schifferli*, 895 F.2d 987 (4th Cir.1990)), as has the Eighth Circuit. See *United States v. Premises Known as 3639–2nd Street, N.E., Minneapolis, Minn.*, 869 F.2d 1093 (8th Cir.1989).

We adopt here the conclusion of the Seventh Circuit in *United States v. One Parcel of Real Estate, supra,* and the reasoning underlying it. We hold that neither A.R.S. § 13–3413(A)(3) or A.R.S. § 13–2314(F)(3) requires the state to demonstrate a substantial connection between the property to be forfeited and the criminal offense. The state is required to show only that the property is connected "in any manner or part" with the offense. The connection between the property and the offense must merely be more than incidental or fortuitous. That is to say, the connection cannot just be an accidental one. Accordingly, we find that the state demonstrated that it had reasonable grounds to believe that the vehicle was connected in some manner or part to the alleged criminal offense, and so had probable cause to forfeit the vehicle.

 Federal case law sets forth the standard the state must meet for showing existence of probable cause. Probable cause in a drug forfeiture case requires reasonable grounds for belief of guilt, supported by less than prima facie proof, but

more than mere suspicion. *United States v. Edwards,* 885 F.2d 377, 389–90 (7th Cir. 1989). Existence of probable cause is based on the totality of relevant circumstances. *Id.* Dismissal of a forfeiture complaint is proper only if it appears beyond doubt that the government can prove no set of facts in support of its claim that would entitle it to the relief requested. *United States v. South Side Finance, Inc.,* 755 F.Supp. 791 (N.D.Ill.1991). Moreover, probable cause "must be judged not with clinical detachment but with a common sense view to the realities of normal life." *Wilson v. Attaway,* 757 F.2d 1227, 1235 (11th Cir.1985). Additionally, A.R.S. § 13–4310(E)(2) of the Forfeiture Act provides that:

> [t]he court shall receive and consider in making any determination of probable cause or reasonable cause, all evidence and information that would be permissible in determining probable cause at a preliminary hearing, at a grand jury or by a magistrate, pursuant to § 13–3913, together with inferences from the evidence and information.

The trial court's finding that the state failed to meet its threshold burden to show probable cause in a civil in rem forfeiture proceeding is equivalent to a directed verdict, since it results in a dismissal of the state's complaint. Therefore, our standard of review is the same as for a directed verdict. A directed verdict is appropriate only where there is no evidence introduced which would justify a reasonable person in returning a verdict for the opposing party. *Gibson v. Boyle,* 139 Ariz. 512, 518, 679 P.2d 535, 541 (App.1983). On appeal, we must view all the evidence in the light most favorable to the party who opposed the motion for directed verdict. *Rocky Mtn. Fire and Cas. Co. v. Biddulph Oldsmobile,* 131 Ariz. 289, 292, 640 P.2d 851, 854 (1982).

The records of both the June 12, 1991, and August 5, 1991, hearings show that the state asserted the following facts. Principal and claimant conspired in the transportation of the 400–pound marijuana load, which was partly, if not wholly, owned by principal. Claimant's arrest and consequent loss of possession of the marijuana load gave rise to a drug debt owed by claimant to principal. The later transfer of the vehicle by claimant to principal represented a partial payment on this debt, the vehicle being used either as an in-kind payment in lieu of cash that claimant did not possess at the time or security on the debt until claimant could supply the cash on the specified due date. The state offered into evidence the testimony of the MANTIS detective who interviewed claimant on May 7, 1991, a tape recording and transcription of that interview, the statement claimant made to the deputy sheriff on April 17, 1991, and the two receipts signed by claimant. These facts are uncontroverted. Claimant admits in his brief that the facts are undisputed, although at oral argument, claimant's counsel appeared to take some exception. The record clearly shows that claimant acknowledged transporting the marijuana load and agreed the vehicle was taken as security for payment of the lost load, albeit arguably under duress. With regard to the nexus between the vehicle and the crime of transportation of marijuana for sale, the state argued that "at any point in time, when a person has incurred a drug debt, and tries to satisfy that debt, they have used that property (the consideration) in any manner, to facilitate the commission of the crime...."

This theory is consistent with those federal forfeiture cases that interpret facilitation clauses broadly in order to promote the legislative purpose of combating illegal drug trafficking. The federal courts have interpreted 21 U.S.C. § 881(a)(4) to apply not just to vehicles used to transport or store contraband, but also vehicles used to transport traffickers to meetings regarding illegal transactions, or to carry raw materials to be used for manufacturing illegal drugs. See *One Blue 1977 AMC Jeep CJ–5 VIN J783EA076436 v. United States,* 783 F.2d 759 (8th Cir.1986); *United States v. 1964 Beechcraft Baron Aircraft, supra.* The vehicle in this case is a thing of value that serves as a substitute for the cash that claimant does not possess in order to pay a debt owed for drugs. The federal

courts routinely apply 21 U.S.C. § 881(a)(6) to find civil forfeiture appropriate where property in the form of cash, securities or other things of value serve as consideration exchanged or intended to be exchanged for illegal drugs. See *United States v. $5,644,-540.00 in U.S. Currency, supra.* While we find no prior case holding that a vehicle is forfeit where it is used as consideration in payment of an illegal drug debt, we do find that the federal courts have applied 21 U.S.C. § 881(a)(7) to forfeit real property that is connected to the offense in that its use or occupation served as consideration to induce an individual to commit the offense. *United States v. 26,075 Acres more or less, Located in Swift Creek Township,* 687 F.Supp. 1005, 1017 (E.D.N.C.1988), aff'd in part, rev'd in part sub nom, *United States v. Santoro,* 866 F.2d 1538 (4th Cir. 1989). We agree with the district court's statement that the "distinction between active and passive use of property to facilitate a drug deal is meritless," where that use is consensual. *Id.*

The record reveals that the state showed reasonable grounds for its belief that the connection between the vehicle and the criminal offense was more than incidental or fortuitous, because the vehicle was used in some manner or part to satisfy a drug debt that was the direct result of the criminal activity. Thus, the state met its burden of demonstrating probable cause for the forfeiture. We agree with appellant that the trial court erred in both its interpretation of the forfeiture law and its application of that law to the facts. We reverse the trial court's ruling as to probable cause and remand for further proceedings consistent with this opinion.

FERNANDEZ, P.J., and DRUKE, J., concur.